E. S. Adkins and Company, Incorporated, a corporation existing under the laws of the State of Delaware, *vs.* Benjamin Campbell.

*Assumpsit—Book Account—Contract—Estimate for Building Materials—Mistake in Addition of Items—Price Named in—Letter—Based upon the Addition—Acceptance of Offer—Costs—Disallowance to Plaintiff—No Affidavit filed in Pursuance of Statute—Affidavit of Demand not Sufficient.*

1. Where a legal contract has been entered into, for example to furnish materials for the building of a house, slight changes in the kind or quality of materials to be furnished, proposed by the buyer and accepted by the seller, will not destroy the original contract, provided the parties recognized the original agreement as still existing, and the changes made were to be governed, as far as could be, by the terms of such agreement.

2. The defendant submitted to the plaintiff a detailed list of the materials he wished him to name prices for, and the plaintiff returned such list together with the price of each item stated opposite the same. The plaintiff in adding the prices for said items made the total less than the correct amount, and in a letter which accompanied said list agreed to furnish the materials as per the estimates, for the amount shown by plaintiff's addition. *Held* that the jury should consider both the letter and detailed estimates, and not only the aggregate sum as shown by the addition, but each item itself. And if the defendant, at the time he made the contract, knew or from information in his possession should have known, what the correct charge for the materials was, he was liable for that amount. But if the plaintiff, at the time he made the offer by letter, knew of the mistake in the addition, and with that knowledge offered and intended to furnish the materials for the sum therein mentioned, the defendant was liable for that amount only.

3. If a plaintiff brings a suit in the Superior Court upon a cause of action cognizable before a Justice of the Peace and shall not recover more than fifty dollars besides costs, and has not filed the affidavit required by the statute, he cannot recover costs. Oral testimony will be admitted to show that the cause of action was within the jurisdiction of a Justice of the Peace. What are proper costs, and by whom they are to be paid, is for the Court, and not the Jury, to determine; and the time to so determine rests in the discretion of the Court.

4. An affidavit of demand is not such an affidavit as is required to enable the plaintiff to recover costs.

(*June* 5, 1906.)

Judges Pennewill and Boyce sitting.

*Levin Irving Handy* for plaintiff.

*Charles B. Evans* and *J. Harvey Whiteman* for defendant.

Superior Court, New Castle County, May Term, 1906.

ACTION OF ASSUMSIT (No. 26, February Term, 1905), to re-
cover from the defendant the sum of $157.68, with interest from
July 20, 1904, alleged to be due as a balance on a book account
for certain building material sold and delivered to the defendant·

The facts appear in the charge of the Court:

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—In this case the E. S. Adkins Com-
pany, the plaintiff, is seeking to recover from Benjamin Camp-
bell, the defendant, the sum of $157.68, with interest from July
20, 1904, claimed to be due and owing as a balance on book ac-
count for goods sold and delivered to the defendant, and con-
sisting of building material. The defendant denies that there
is anything due from him to the plaintiff corporation, and in-
sists that the said book account has been fully paid.

We think it proper to call your attention to the fact that
the dispute in this case rests mainly upon what the plaintiff
contends was a mistake in the addition of the items or amounts
contained in the detailed estimates which accompanied the let-
ter in which the plaintiff offered to furnish the lumber, as per
said estimates, for the sum of $700. According to said estimates
the aggregate amount charged for the lumber was $827.55, and
deducting therefrom the sum of $26.55, which the plaintiff ad-
mits it agreed to throw off, there remained the sum of $801.
So that, leaving out of account for the present the several credits
which the defendant claims should have been allowed for differ-
ence in materials, and for articles not furnished or wrongly fur-
nished, the question you must determine is, whether under the
agreement existing between the plaintiff and defendant the
charge for the goods furnished was $801 or $700.

In order to determine this question, you must ascertain
first, whether there was any contract or agreement which fixed

the price which should be paid for the materials furnished; and second, if there was such contract, what was the price fixed thereby.

A contract in legal contemplation is "an agreement between two or more persons, upon sufficient consideration, to do or not to do a particular thing." When a legal contract has been entered into, for example to furnish materials for the building of a house, slight changes in the kind or quality of materials to be furnished, proposed by the buyer and accepted by the seller, would not destroy the original contract, provided the parties recognized the original agreement as still existing, and the changes made were to be governed, as far as could be, by the terms of such agreement. In order to determine this question you should consider all the correspondence, negotiations and dealings of the parties in respect to the subject matter involved in the suit.

If there was such contract, then you must ascertain what was to be paid for the materials furnished, according to the true meaning and intent of the parties.

The Court in the case of *Houston vs. Spruance*, 4 *Harr.* 117, said: "To understand the character of the contract, and the nature and extent of the liabilities of the parties respectively, we must refer to the contract itself; and give to it that meaning and construction which the parties themselves intended it should have." It is admitted that the defendant in the present case submitted to the plaintiff a detailed list of the materials he wished the plaintiff to bid on or name prices for; that the plaintiff returned to the defendant such list together with the price for each item stated opposite the same. It is also admitted that the aggregate and correct amount of such itemized charges was, after deducting the said sum of $26.55, $801. The plaintiff, however, at the time it returned the detailed estimates to the defendant, gave him a letter which read as follows:

Salisbury, Jan. 14, 1904.

Mr. Benjamin Campbell,

　　Newark, Del.

Dear Sir:

　　We will furnish you materials as per estimates No. 1076, No. 1077 and No. 1078 for $700, net cash f. o. b. Newark, Del," etc.

　　If you shall find that this proposition, covered by the said detailed estimates and letter, was accepted by the defendant, and continued in force notwithstanding the changes subsequently made by him, you must then decide what was the price which the defendant was to pay for the materials furnished. And in order to do this you must consider not only the letter and the detailed estimates which accompanied the letter and to which the letter expressly referred; but also any and all other evidence which may throw light upon this point. And in considering the said detailed estimates returned with the letter, you must regard not only the aggregate sum as shown by the addition of the various items, but each item itself, because they all entered into and went to the making of the completed estimates. We say to you that if the defendant, at the time he received the letter and detailed estimates above mentioned and made the contract with the plaintiff, knew, or from information in his possession should have known, that the correct aggregate charge for the lumber or materials to be furnished was $801, he was liable for that amount, notwithstanding the letter of plaintiff and the addition in the estimates indicated that $700 was the amount to be paid, provided the plaintiff did not know of the mistake in the addition. If, however, the plaintiff, at the time he made the offer to furnish the materials for $700, knew of the mistake in the addition of the figures in said estimates, and with that knowledge offered and intended to furnish the materials at the lump sum of $700, the defendant was liable for that amount only.

　　The defendant also claims that he is entitled to certain credits, which have not been allowed him by the plaintiff. You

have had the evidence in respect to such contentions, and it is for you to say whether the defendant is entitled to all or any part of such credits.

And now gentlemen, having given you such instructions as we think proper, we say in conclusion that you should carefully and conscientiously consider all the evidence in the case and base your verdict upon that only, applying thereto the law as we have stated it.

If you shall be of the opinion that the defendant is indebted to the plaintiff for the amount claimed or any part thereof, your verdict should be in its favor for such sum as you find is due and owing to it from the defendant, together with interest from the time it came due.

If, however, you shall not be satisfied that anything is due and owing from the defendant to the plaintiff, your verdict should be in favor of the defendant.

Verdict for defendant for $33.21.

(Subsequently, at the same term, the defendant obtained a rule upon the plaintiff to show cause why the costs of suit should not be disallowed plaintiff; and upon hearing argument thereon, the Court rendered the following opinion, which sufficiently states the facts and contentions):

Lore, C. J.:

This was an action of assumpsit for goods sold and delivered. The demand, as disclosed by the bill of particulars, is $157.68 with interest from July 20, 1904.

June 5, 1906, the jury rendered a verdict for the plaintiff for $33.21.

June 11, 1906, defendant filed an affidavit setting forth, that the cause of action was within the jurisdiction of a Justice of the Peace, and obtained a rule on the plaintiff to show cause why the costs of suit should not be disallowed him, because no affidavit had been filed by the plaintiff, that the plaintiff had a just cause of action against the defendant exceeding in amount fifty dollars as required by *Section 7, Chapter* 114, *Revised Code*, 852; which reads as follows:

"If any person shall bring a suit in any case upon a cause of action cognizable before a Justice of the Peace, under Chapter 99, and shall not recover more than fifty dollars, besides costs, he shall not recover costs; unless he, or some credible person, shall have previously filed in the office of the Prothonotary a written affidavit to the effect that the plaintiff has a just cause of action against the defendant, exceeding in amount fifty dollars."

Upon the argument of the rule the plaintiff raised the following objections:

1. That it nowhere appears upon the record of the case that the cause of action was within the jurisdiction of a Justice of the Peace; and that the verdict of the jury and judgment thereon was concluisve upon the point of jurisdiction, and could not be inquired into now.

Upon this point we would say, the question of the jurisdiction of a Justice of the Peace was not raised nor was it an issue in any manner in the trial of the cause.

What are proper costs and by whom they are to be paid, under the law, may not be determined by the jury, but is for the Court to determine. The Court has control of its own judgments in this respect and must know the conditions of the case in order to tax costs properly.

Under this rule, therefore, we have admitted oral testimony which shows that the cause of action was within the jurisdiction of a Justice of the Peace.

2. It was objected that costs were an integral part of the judgment and could not be questioned, unless objection was made at the time of rendition of the verdict.

We think the time to ascertain who should pay costs in any case is not confined to the time of rendition of the verdict; but rests in the discretion of the Court.

3. It was further objected, that the affidavit of demand filed in this cause by the plaintiff was an affidavit required within the reasonable intendment of Section 7, Chapter 114;

inasmuch as it was a written affidavit, setting out in terms that the defendant was justly indebted to the plaintiff in the sum of $157.68 with interest.

It will be seen by reference to *Section* 4, *Chapter* 106, *Rev. Code*, that such affidavit of demand is only for the purpose of taking judgment thereon, and it is expressly provided that if such judgment be not so taken, such affidavit "shall not be used in such action for any purpose whatever."

None of these objections seem tenable.

The rule is therefore made absolute and the costs are disallowed.