WILLIAM P. TAPPAN vs. ISABELLA BACON, executrix under the last Will and Testament of JOSIAH BACON, deceased.

COSTS—RIGHT TO COSTS—ACTIONS "COGNIZABLE BEFORE A JUSTICE OF THE PEACE."

*Rev. Code*, 1852, *amended to* 1893, *p.* 852, *c.* 114, § 7, provides that if one sue in any court upon a cause of action cognizable before a justice of the peace under *chapter* 99, and shall not recover more than $50, besides costs, he shall not recover costs, unless he shall have previously filed with the prothonotary a written affidavit that plaintiff had a just cause of action against defendant exceeding in amount $50. *Rev. Code, p.* 813, *c.* 110, § 22, provides that the real estate of a decedent shall not be bound by a judgment against his executors or administrators, unless such judgment be rendered upon a verdict or referee's report or a rule of reference. *Held*, that the purpose of *section* 7 was to compel creditors to resort to justices' courts to collect small debts, so that where the maker of a note was dead, and it was impossible to satisfy the note out of his personal estate, and the executor had not sold the realty for the payment of debts, so that the only remedy was to obtain a judgment, which would be a lien upon the realty, a suit on the note to obtain such judgment was not one "cognizable before a justice of the peace," within that section, though the amount recovered was less than $50 and no affidavit was filed as provided, and hence plaintiff was entitled to costs.

(*December* 17, 1910.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*Wilbur L. Adams* for plaintiff.

*Artemas Smith* for defendant.

Superior Court, New Castle County, November Term, 1910. ACTION OF ASSUMPSIT (No. 23, May Term, 1910). Costs. The case is stated in the opinion.

PENNEWILL, C. J., delivering the opinion of the court:

In the above stated case, which was an action of assumpsit on a promissory note for $32, dated June 28, 1906, a verdict was rendered in favor of the plaintiff for $38.64, that being the amount of the note with interest.

No defense whatever was made to the action, but after the verdict was rendered objection was made by counsel for the defendant to the recovery of costs by the plaintiff, on the ground that the suit was upon a cause of action cognizable before a justice of the peace under the statute, and the amount recovered was not more than $50, besides costs. It is provided by a statute of this state (*Rev. Code* 1852, *amended to* 1893, *p.* 852, *c.* 114, § 7) as follows:

"If any person shall bring suit in any court upon a cause of action cognizable before a justice of the peace under *chapter* 99, and shall not recover more than $50, besides costs, he shall not recover costs; unless he, or some credible person, shall have previously filed in the office of the prothonotary a written affidavit to the effect, that the plaintiff has a just cause of action against the defendant exceeding in amount $50."

It is undisputed that the amount recovered in this case is less than $50, and that no written affidavit, as contemplated by said statute, was filed. The single question for the court to decide, upon the objection made, is whether the action brought in this court was cognizable before a justice of the peace within the meaning of said act.

There can be no question that the suit brought here was cognizable before a justice of the peace if the only test is to be the amount of the claim. But, under a fair, liberal and reasonable construction of the statute, may not something more be considered than the amount of the plaintiff's claim, in determining whether

Opinion.

the suit was cognizable before a justice of the peace?

It appeared from the evidence in this case that the maker of the note sued upon had been dead for several years, and that it was not possible for the plaintiff to collect the debt out of the personal estate of the deceased. The executor did not sell the real estate for the payment of debts, and there was no way by which the plaintiff could collect his note except by selling the debtor's real estate, or a part thereof. In order to do that the plaintiff had to obtain a judgment that would be a lien on such real estate. He could not do this by entering suit before a justice of the peace.

It is provided by a statute of the state (*Rev. Code* 1852, *amended to* 1893, *p.* 813, *c.* 475, § 22) that: "The real estate of a deceased person * * * shall not be bound by a judgment against his executors or administrators unless such judgment be rendered upon a verdict or an inquisition, or upon the report of referees or a rule of reference."

The plaintiff's purpose in entering his suit in court was to obtain a judgment that would be a lien upon the decedent's real estate. To have proceeded before a justice of the peace, therefore, would have been entirely ineffective and futile.

We do not think it was the intention of the Legislature, in the enactment of the statute in question, to work a hardship upon the plaintiff, or require him to do a vain and useless thing. The real purpose was to compel creditors to resort to the justices of the peace for the collection of small debts, but not for debts which could not be collected by such procedure.

We think the language of the act, viz., "action cognizable before a justice of the peace," means a suit where the judgment would be as effective, or could be made as effective, as if it had been obtained upon the verdict of a jury. A judgment so obtained would constitute a lien upon the real estate of a deceased person, but a judgment obtained before a justice of the peace would not be, and could not be made so.

We are of the opinion that this suit, brought in court, is not covered by the statute referred to, and that the plaintiff should recover his costs.