E. F. HOUGHTON AND COMPANY, a corporation of the State of PENNSYLVANIA, *vs.* ALPHA PROCESS COMPANY, a corporation of the State of Delaware.

1.  SET-OFF AND COUNTERCLAIM—"RECOUPMENT".

"Recoupment" is the right of defendant to claim damages from plaintiff either because plaintiff has not complied with some cross-obligation of the contract on which he sues, or because he has violated some duty which the law imposes, and the damages allowed a defendant must be founded on the same contract and form part of the same transaction under which plaintiff claims.

2.  EVIDENCE—RECOUPMENT—BURDEN OF PROOF.

The burden of proving the matters set up in a notice of recoupment in way of defense rests on defendant.

3.  SET-OFF AND COUNTERCLAIM—RECOUPMENT—REDUCTION OF DAMAGES.

A defendant, establishing his defense of recoupment, cannot recover for any balance in excess of plaintiff's demand, but the defense goes only to reduce plaintiff's demand.

4.  SALES—WARRANTY—ACTS CONSTITUTING.

Mere expressions of opinion by a seller not amounting to an affirmation, and not showing any intention to warrant, is not a warranty, but every affirmation made at the time of sale as a fact, and as an inducement to the sale is a warranty, if the buyer relies thereon.

5.  SALES—WARRANTY—ACTS CONSTITUTING.

A seller of belting on the representation that it would transmit the power desired by the buyer thereby warranted the belting, provided the buyer relied thereon, and not on his own judgment.

6.  COSTS—STATUTORY PROVISIONS.

A plaintiff claiming and proving a *bona fide* debt due from defendant in excess of the jurisdiction of a justice of the peace, but recovering only twelve dollars and seventy-four cents by reason of defendant's counterclaim, is entitled to costs, notwithstanding *Rev. Code of* 1915, § 4452, providing that, if any person shall bring a suit in any court on a cause of action cognizable before a justice of the peace, and shall not recover more than fifty dollars besides costs, he shall not recover costs.

(*March* 10, 1915.)

Judges BOYCE and CONRAD sitting.

*Robert H. Richards* and *Aaron Finger* for plaintiff.

*Hugh M. Morris* and *Richard S. Rodney* (of *Saulsbury, Morris and Rodney*) and *James I. Boyce* for defendant.

Superior Court, New Castle County, March Term, 1915.

Action by E. F. Houghton and Company against the Alpha Process Company. Verdict for plaintiff, and motion to disallow plaintiff its costs refused.

ACTION OF ASSUMPSIT (No. 60, November Term, 1914) to recover the sum of two hundred and thirty-eight dollars and two cents for certain goods and chattels sold and delivered to the said defendant by said plaintiff. The plaintiff had a verdict for twelve dollars and seventy-four cents. There was a motion to disallow plaintiff costs because the verdict was not for more than fifty dollars. The motion was denied.

The facts appear in the charge to the jury, and in the opinion on the motion to disallow costs.

CONRAD, J., charging the jury.

Gentlemen of the jury:—The plaintiff seeks to recover from the defendant the sum of two hundred and thirty-eight dollars and two cents, for certain goods and chattels sold to defendant. It is admitted that all the goods so charged were delivered to defendant.

Among the charges is an item of two hundred and twenty-five dollars and thirty-eight cents for two double vim leather belts—being fifty-eight and eight-twelfths feet in length. The defense in this case is confined to the item for the belts alone. As regards the two last items charged amounting to twelve dollars and seventy-four cents, there is no dispute, and plaintiff at all events is entitled to a verdict at your hands for that amount.

The defendant claims that it is not liable to pay for the belting because the belting was furnished on a warranty "to develop eighty horse power on a line shaft two and fifteen-sixteenths diameter, going one hundred and eighty-eight revolutions per minute," arranged in certain specified ways with pulleys and shafting.

The letters constituting the transactions are in evidence and before you, and it is for you to determine whether or not there was a warranty as to the capacity of the belting to transmit the power desired.

[1] The defense is what is called in the law recoupment,

that is, the defendant claims that the belting did not meet the requirements of the order, that it did not transmit or develop the power that was specified, and that it resulted in damages to the defendant in excess of the amount charged for the belting.

The plaintiff claims that no warranty was made, and seeks to show that if there was any failure on the part of the belting it was no fault in the belting itself.

Recoupment is defined to be the right of the defendant in the same action, to claim damages from the plaintiff either because the plaintiff has not complied with some cross-obligation of the contract, upon which he sues, or because he has violated some duty which the law imposed in the making or performance of that contract. The damages allowed a defendant by way of recoupment must be founded on the same contract and form part of the same transaction under which the plaintiff claims.

[2, 3]  The burden of proving the matters set up in the notice of recoupment, in the way of defense, rests upon the defendant and such a defense, whenever made, goes in reduction of claimant's demand, but the defendant cannot recover for any balance or excess, if it should exceed claimant's demand.

[4]  The mere expression of an opinion, not amounting to an affirmation, and not showing an intention to warrant, will not constitute a warranty.

Whether the plaintiff did warrant the capacity of the belt we would say that no particular words are necessary to create a warranty. Whether there was a warranty either express or implied, is to be determined from the tenor of the defendant's letter to the plaintiff, and the plaintiff's reply thereto. This court has said that every affirmation made at the time of a sale, as a fact, and as an inducement to the sale, if the buyer relies upon such affirmation, amounts to a warranty.

[5]  If you find from the evidence the plaintiff sold the belting to the defendant under the representation and understanding between the parties that it would transmit the power desired by the defendant and that the defendant relied upon such representations, and not upon its own judgment, then it constituted a warranty and defendant would be entitled to have the plaintiff's

claim for the belting reduced to the extent of any damages that defendant sustained by reason of the failure of the belting to transmit the power desired.

If you find there were no such representations and understandings between the parties such as to constitute a warranty, then plaintiff would be entitled to recover the full amount sued for.

Verdict for plaintiff.

Thereupon counsel for the defendant moved that the plaintiff should be disallowed its costs for the reason that the verdict was not for more than fifty dollars; and at the argument relied upon Section 4452, Revised Code of 1915; Chillas v. Brooks, 5 Harr. 60; Adkins and Co. v. Campbell, 6 Penn. 96, 64 Atl. 628; and Youker v. Johnson, 62 App. Div. 584, 71 N. Y. Supp. 178.

Counsel for plaintiff contended that the action was not cognizable before a justice of the peace, the demand being in excess of two hundred dollars, and cited Tappan v. Bacon, 2 Boyce 113, 78 Atl. 294.

BOYCE, J., delivering the opinion of the court.

[6] This was an action to recover for goods sold and delivered amounting in value, as shown by the bill of particulars and by the affidavit of demand filed in the cause, to two hundred and thirty-eight dollars and two cents. The defendant filed with its pleas a notice of recoupment setting up a claim for damages, in excess of the plaintiff's demand, for an alleged breach of warranty respecting the greater part of the goods sold; and at the trial the defendant after admitting the sale, delivery and value of the goods, introduced evidence of the warranty and breach thereof and of the damages sustained. The plaintiff had a verdict for twelve dollars and seventy-four cents representing the price of those goods against which no recoupment was claimed and thereupon the defendant moved that the plaintiff should be disallowed its costs under Section 4452 of the Revised Code of 1915 which provides as follows:

"If any person shall bring suit in any court upon a cause of action cognizable before a justice of the peace under chapter one hundred and twenty-one, and shall not recover more than fifty dollars, besides costs, he shall not recover costs; unless he, or some credible person, shall have previously filed in the office of the prothonotary a written affidavit to the effect that the plaintiff has a just cause of action against the defendant exceeding in amount fifty dollars."

The plaintiff contended that its cause of action, as shown by the proof and as admitted by the defendant, was not cognizable before a justice of the peace under *Chapter* 121 (*Section* 4004 of the *Code*) in that the amount claimed was more than two hundred dollars. It was not disputed that no affidavit, as provided for in *Section* 4452, had been filed.

The question presented under these facts does not appear previously to have been before this court. By the act of January 29, 1825 (6 *Del. Laws, c.* 263), entitled "An act providing for the recovery of small debts," justices of the peace were given jurisdiction over certain causes of action wherein the matter in demand did not exceed fifty dollars and by the thirty-seventh section of the same act it was provided:

"That if any person or persons shall commence or prosecute any suit or action, in the Supreme Court or Court of Common Pleas or otherwise than before a justice of the peace, upon or for any cause of action of which a justice of the peace shall according to this act have jurisdiction, such person or persons shall not in such suit or action recover any costs whatever, and if the nature of the cause of action be within the jurisdiction of a justice of the peace according to this act, and if the plaintiff shall not thereupon recover more than fifty dollars, exclusive of costs, *the recovery shall be conclusive* and costs shall be disallowed, excepting only, that if the plaintiff or one of the plaintiffs shall make oath or affirmation, before issuing the writ, before the clerk of the court or prothonotary or the deputy of the clerk or prothonotary or some judge of either of the courts, 'that the person or persons to be named as plaintiff or plaintiffs in the writ has or have a just cause of action against the person or persons to be named defendant or defendants therein and that such cause or action does exceed in value fifty dollars,' and such oath or affirmation shall be reduced to writing, signed by the party making, certified by the officer or judge, and filed in the cause—then the foregoing provision depriving the plaintiff of costs shall in such case be dispensed with."

Under this act the amount of recovery, and not the amount of the claim, clearly determined the right of the plaintiff to costs.

By the act of February 22, 1847 (*Chapter* 196, *Volume* 10, *Laws of Delaware*), the jurisdiction of justices of the peace was extended to one hundred dollars and by the act of April 26, 1889

(*Chapter* 678, *Volume* 18, *Laws of Delaware*), this jurisdiction was extended to two hundred dollars.

At the present time therefore, and under the modified form of the thirty-seventh section of the act of 1825 as it appears in the Code of 1852, it might seem at first sight and as urged by plaintiff that an affidavit is necessary to secure costs only in those cases where the claim of the plaintiff is for *an amount* within the jurisdiction of a justice of the peace. *Section* 7 of *Chapter* 114 of the *Revised Code* of 1852 cannot be supposed however to effect a change in the law as it previously existed, with respect to the recovery of costs, and we are clearly of the opinion that it is not the amount claimed but the amount recovered which determines the question of costs.

"The real purpose" of the statute as was said by this court in *Tappan v. Bacon*, 2 *Boyce* 113, 78 *Atl.* 294, "was to compel creditors to resort to justices of the peace for the collection of small debts," and it must be remembered that the practice of recoupment is of comparatively recent use in our courts and was not, as it may be reasonably assumed, within the legislative intendment of the act of 1825 or the Code of 1852. In most states which have statutes similar to ours an express exception is made of those cases where the plaintiff's claim is reduced by recoupment to a sum below that which would entitle the plaintiff to costs.

In view of the manifest purpose of the statute and of the character of the defense to this action, which was in effect a cross action wholly different from a defense under the usual pleas in assumpsit, and not readily to be foreseen by the plaintiff, we think that the statute relied upon is not applicable to the case.

The plaintiff claimed and proved a *bona fide* debt due from the defendant amounting to two hundred and thirty-eight dollars and two cents, and having failed to recover that sum only because of the counterclaim of the defendant, we think the plaintiff is entitled to the costs of its suit.

We therefore decline the motion.

Let the proper costs of the suit follow the verdict.