In the Matter of the Estate of GEORGE W. VANDYKE, Deceased.

*New Castle, Jan. 27, 1927.*

WOLCOTT, Presiding Judge, sitting.

*Harry K. Hoch,* for the executor and three rival claimants.

*Frank L. Speakman,* for respondent.

WOLCOTT, Presiding Judge. At the time of the death of George W. Vandyke the respondent's claim against him was in the form of a book account. After his death, the executor filed his petition under *Chapter* 99, *Revised Code* 1915, for an order to sell lands for the payment of debts, the personal estate being insufficient for that purpose. A sale was duly ordered and made. Between the date of the testator's death and the date of the sale, the respondent brought suit against the executor upon the open book account and obtained judgment on the day before the sale. The respondent claims that his judgment is entitled to be paid out of the proceeds of sale ahead of any of the other claims that are filed.

The executor and rival claimants on the other hand contend that the respondent's claim acquires its status as of the day of the testator's death, that inasmuch as the claim at that time was simply a general one based on an open book account, it cannot for purposes of distribution be now regarded as a preferred one based on a judgment.

In my opinion this contention cannot be sustained. We have a statutory provision which prescribes the order of priorities in which the proceeds of sale derived as were these proceeds shall be applied. Where such statutory designation is found, it is controlling. 24 *C. J., pp.* 418, 422; 11 *R. C. L.* 255; 3 *Schouler on Wills,* § 2841. The statutory provision referred to is contained in *Section* 3427, *c.* 99, *Revised Code* 1915. It provides that after all just charges allowed by the Orphans' Court are deducted, the proceeds derived from the sale shall be applied in the following order: (1) "To judgments against the deceased which, before the sale, were liens on the premises sold," etc.; (2) "to judgments against the executor, or administrator, of the deceased which, before said sale, were liens upon the premises sold, said judgments to be preferred in payment according to the legal priority of their lien re-

spectively," etc.; and (3) "to other debts outstanding against the deceased, observing the same rule of priority as prescribed by *Chapter* 98." (*Chapter* 98 deals with the order of payment in settling the personal estate of the deceased.)

There are no claims in this case that fall in the first classification. The judgment obtained by the respondent clearly falls within the second class, because his judgment upon its rendition became a lien on the testator's lands. *Section* 4316, *Revised Code* 1915; *Vincent v. Platt*, 5 *Harr.* 164; *Tappan v. Bacon*, 2 *Boyce* (25 *Del.*) 113, 78 *A.* 294. It became a lien on the premises sold one day before the sale thereof and therefore falls within the plain description of the statute. It is argued that certain language appearing in the paragraph which deals with the second class above referred to, indicates that the judgments referred to in that class must be judgments obtained against the deceased in his life time. That language is the following:

"A sum assessed, or ascertained, as mentioned under the first class, being here understood to be demandable by virtue of the mortgage, recognizance, or obligation, upon which the action, or proceeding, was instituted."

This language cannot by any possiblity contain the inference claimed for it. By the express terms of the language it is descriptive only of judgments in the first class and not judgments in the second class in which the present one falls. But what is more conclusive of the matter is the fact that the statute by the plainest statement in its phraseology and by the scheme of classification itself, shows beyond all doubt that judgments referred to in the second class cannot mean judgments obtained in the life time of the deceased.

It is doubtless true, as argued, that the statute encourages a race of diligence between unsecured creditors which ought not to be tolerated in the settlement of estates; and that funeral expenses, which at common law and under our statute are a first charge against personal assets, may be subordinated to the simple contract claim of an energetic creditor who promptly sues the executor, in those cases where the real estate can supply the only fund for the payment of debts. But this circumstance cannot warrant a judicial veto upon the plain statutory provision which

defines the order of distribution. If the policy of the statute is wrong, the Legislature is the only place where relief against it may be obtained. The fact, if it be a fact as is contended, that the bar of the State has ever since the enactment of the statute regarded judgments obtained against the executor or administrator as of no higher grade in the distribution of the proceeds from a decedent's lands sold for the payment of debts than the original claims upon which the judgments were obtained, cannot be allowed the force of overruling the clear meaning of the statute. This is the first time that the point has ever been presented in our courts, and it must be answered as the statute compels.

It is also objected to the judgment that no probate of the claim or the book account was ever presented by the petitioner to the executor. Probate of claims against a deceased person is required by *Section* 3376 of the *Revised Code of* 1915. That section also prescribes the consequences of a failure to make probate as required. Those consequences are that if the creditor does not produce a probate at the trial, he shall be non-suited, and if he bring suit without having previously exhibited a probate to the executor or administrator he shall not recover his costs unless the action has been controverted. Now in the instant case the judgment is a judgment of the Superior Court duly entered. If the respondent was at fault in the matter of a probate of his claim, the objection should have been made in the Superior Court. That court's judgment cannot be attacked here because of the alleged want of a probate. The executor is bound by *Section* 3374 of the *Revised Code of* 1915 to take notice of the judgment. This court cannot allow it to be ignored because of some omission to probate the claim on which it was rendered. The judgment carries with it the conclusive presumption of its own verity.

Order accordingly.