**Annie L. FLOYD and Joseph Floyd, Plaintiffs,**

v.

**Harvey L. BALLENGER, Defendant.**

Superior Court of Delaware.

New Castle.

Oct. 22, 1969.

Robert G. Carey and Steven J. Rothschild, of Prickett, Ward, Burt & Sanders, Wilmington, for plaintiffs.

Robert H. Richards, III, of Richards, Layton & Finger, Wilmington, for defendant.

STIFTEL, President Judge.

Delaware has a two year time limitation statute, 10 Del.C. § 8118,[1] for a personal

injury action. The question here is whether it applies to defendant's counterclaim for personal injuries and lost wages, caused by his inability to get to his New Jersey job when his car was being repaired.

The Floyds filed their complaint on January 31, 1968, based on an automobile accident which occurred on February 13, 1966. There were two *non est* returns, one on February 21, 1968, and the other on March 19, 1968. Plaintiffs then proceeded to obtain jurisdiction over defendant by having a summons dated March 20, 1968, served on the Secretary of State, pursuant to the Non-resident Motor Vehicle Statute of Delaware, 10 Del.C. §§ 3112, 3113. A copy of the complaint was ultimately received by defendant in Newark, Delaware, after the letter had been re-addressed to many locations. Finally, plaintiffs obtained personal service against the defendant in Delaware on October 21, 1968.

On November 25, 1968, defendant filed his answer and counterclaim for "physical discomfort and mental shock as a result of the accident" and for the lost wages. The counterclaim was answered on December 27, 1968, and the affirmative defense of statute of limitations was pleaded.

Plaintiffs moved for summary judgment to eliminate defendant's counterclaim.

### Counterclaim—Personal Injuries

In his pleading, defendant says he suffered physical discomfort and mental shock and prays for damages.

The same problem was considered by this Court in DiNorscia v. Tibbett, 11 Terry 118, 124 A.2d 715 (1956), where the complaint was filed four days before the running of the statute and defendant was served one day after its running. The counterclaim was filed more than a month later. Thus,

---

1. 10 Delaware Code § 8118 reads as follows:

   "Personal injuries

   "No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained."

the essential facts in both cases are the same. In both, the plaintiffs brought their actions near the end of the period of limitations, defendants were not served before the running of the statute, and both filed counterclaims after the running of the statute of limitations. Judge Herrmann held that the counterclaim was affirmative and subject to the same time limitation as the original complaint. Consequently, he barred it.

Defendant says applying *DiNorscia* is unjust. But, this is not a discretionary matter. I am bound by it.

### Counterclaim—Wages

Defendant argues, in any event the two year time limitation does not apply to his counterclaim for one week's lost wages. He says the three year limitation in 10 Del.C. § 8106[2] applies. Unfortunately, he does not explain why. The terms of this statute are specific. Nowhere does this section make mention of actions to recover for wages lost as a result of damage to an automobile. This is not a suit against defendant's employer for breach of an employment contract. Goldman v. Braunstein's, Inc., Del., 240 A.2d 577. Defendant's claim grows out of damages to personal property subject to the same two year limitation as personal injury. It is an affirmative counterclaim barred by the *DiNorscia* rule.

### Recoupment

Next, defendant argues that his counterclaim for lost wages should be allowed as a defensive measure by way of recoupment. This defense would be used by defendant to diminish or extinguish plaintiffs' claim if an independent action would not lie. It must grow out of the transaction that gives rise to plaintiffs' claim. E. F. Houghton & Co. v. Alpha Process Co., 5 Boyce 383, 93 A. 669, 670; 1 Woolley, On Delaware Practice, §§ 502, 503. Recoupment cannot be used to obtain an affirmative judgment. Nalley v. McClements, D.C.Del., 1969, 295 F.Supp. 1357, 1359, 1360.

Defendant's wage claim is not defensive. I regard it as an independent affirmative action growing out of a property damage claim which is barred by § 8118. See Nalley v. McClements, *supra*, at pp. 1359, 1360; Smith-Johnson Steamship Corp. v. United States, D.C.Del., 1964, 231 F.Supp. 184, 186. Not having been timely filed, it must fail.

Plaintiffs' motion against defendant's counterclaim is granted.

So ordered.

---

2.  10 Del.Code § 8106 reads as follows:
    "§ 8106. Actions subject to three year limitation
    "No action to recover damages for trespass, no action to regain possession of personal chattels, no action to recover damages for the detention of personal chattels, no action to recover a debt not evidenced by a record or by an instrument under seal, no action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations, no action based on a promise, no action based on a statute, and no action to recover dam-

    ages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action, subject, however, to the provisions of sections 8107–8109 and 8118 of this title.
    "§ 8106A. Actions subject to two-year limitation
    "No action to recover damages for wrongful death or for injury to personal property shall be brought after the expiration of 2 years from the accruing of the cause of such action."