GEORGE M. GORHAM *vs.* BENJAMIN F. BULKLEY.

In pleading a set-off the defendant stands as to his claim in the position of a plaintiff, and his case must be made out in the same manner and may be met by the same defences, as if he had brought a separate action upon it.

It is therefore a good defence to such a claim that it is barred by the statute of limitations.

BILL for a foreclosure; brought to the Superior Court in Fairfield County. The defendant pleaded a set-off, which the court disallowed on the ground that it was barred by the statute of limitations. The defendant filed a motion in error. The point decided by the court will be sufficiently understood without a statement of the facts.

*H. S. Sanford*, for the plaintiff in error.

*W. K. Seeley* and *D. F. Hollister*, for the defendant in error.

PARK, C. J. It is unnecessary to consider the question of *res adjudicata* raised in this case with regard to the sum of $409.56 which the defendant seeks to set off against the plaintiff's claim, for if there has been no adjudication as to this amount, still we think the court below committed no error in applying the statute of limitations to it.

It appears in the case that in May, 1856, the plaintiff and defendant dissolved a partnership which had existed between them for a considerable time, and on the dissolution

the plaintiff purchased all the defendant's interest in the partnership property for the above named sum, which is the only amount in controversy in the case. It further appears from the finding that since the dissolution the plaintiff has made no acknowledgment whatsoever of his indebtedness to the defendant on account of the purchase, or promised in any manner to pay for the property purchased. On these facts we think the cases of *Alsop* v. *Nichols*, 9 Conn., 357, *Hart's Appeal from Probate*, 32 Conn., 520, *Wilmerding* v. *Russ*, 33 Conn., 67, and *Buddington* v. *Munson*, 33 Conn., 481, are decisive of the question with regard to the operation of the statute of limitations upon the defendant's claim, and sustain the decision of the court below.

The defendant relies upon the case of *Berrigan* v. *Pearsall*, 46 Conn., 274, as sustaining his position that the statute of limitations will not prevent the set-off which he claims. It was holden in that case that a creditor who failed to present his claim to the commissioners on the insolvent estate of a deceased person within the time limited by the court of probate, was not thereby debarred from availing himself of his claim as a set off against a demand afterwards made against him by the administrator of the estate, for a debt claimed to have been due to the deceased. The statute on which this decision was based is very different from the one which governs the case under consideration. It is as follows:—" Every creditor of an insolvent estate who shall not exhibit his claim to the commissioners within the time limited, shall be debarred of his claim against said estate," &c. Gen. Statutes, p. 389, sec. 10. The statute of limitations applicable to this case declares that "no action shall be brought but within six years next after the right of action shall accrue," &c. Gen. Statutes, p. 494, sec. 4. In cases of set-off the defendant is treated as a plaintiff in respect to his claim, and his case must be made out in the same manner, and may be met by the same defences, as if he had brought a separate suit against the plaintiff upon his claim.

If he establishes his claim, he may be entitled to a

balance if it should exceed that of the plaintiff. Hence the statute of limitations may be a good defence against his claim, whether he sues to recover the amount, or presents it as a set-off in a suit against himself. In either case he stands in the same position in respect to his claim. This is true in all cases, whether the hearing is had before commissioners on an insolvent estate or otherwise. But the statute limiting the presentation to the commissioners of an insolvent estate of claims against the estate, operates as a bar, so far as the estate is concerned, of all claims not presented within the time limited. But it bars them only as claims to be presented and allowed against the estate. Though a claim be thus barred it does not follow that it may not be used to balance or reduce a counter claim of the estate against the party holding it. A non-presented claim can be used only for such a purpose. Although it may be much greater than the counter claim, still the balance can not be allowed against the estate. As a substantive claim against the estate it will be barred by the statute unless it is presented in time. The case referred to has no bearing on the question presented in this case.

There is no error in the judgment and it is affirmed.

In this opinion the other judges concurred.