COMMONWEALTH *vs.* FRANK C. GRIFFITH.

Suffolk.    November 15, 1909. — January 4, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Child Labor.    Theatrical Exhibition.    Words,* " Work," " Employed."

R. L. c. 106, § 28, as amended by St. 1905, c. 267, after providing that " No child under the age of fourteen years . . ·. shall be employed in any factory, workshop or mercantile establishment," contains the following provision : " No child under the age of fourteen years shall be employed at work performed for wages or other compensation, to whomsoever payable, during the hours when the public schools of the city or town in which he resides are in session, or be employed at work before six o'clock in the morning or after seven o'clock in the evening." *Held,* that the prohibition of the employment at work of a child under the age of fourteen years before six o'clock in the morning or after seven o'clock in the evening is an absolute one of general application and is not confined to employment in a factory, workshop or mercantile establishment.

The provision of R. L. c. 106, § 28, as amended by St. 1905, c. 267, that " No child under the age of fourteen years shall . . . be employed at work before six o'clock in the morning or after seven o'clock in the evening," applies to employment in a theatrical exhibition, there being no inconsistency between this prohibition and the provisions of R. L. c. 106, § 45, dealing with a limited class of exhibitions.

The prohibition of R. L. c. 106, § 28, as amended by St. 1905, c. 267, that " No child under the age of fourteen years shall . . . be employed at work before six o'clock in the morning or after seven o'clock in the evening," applies to the employment of a child under fourteen years of age in a speaking part in a play between the hours of eight and ten o'clock in the evening, although the child receives no wages or compensation for his appearance, except that his participation in the play is a part of his training for the dramatic profession.

If one is procured to work regularly under an engagement, rendering valuable service for a specified time, it may be found that he is " employed," although he receives nothing as an agreed compensation. This is recognized by the provision of R. L. c. 106, § 28, as amended by St. 1905, c. 267, which prohibits the employment of a child under the age of fourteen years before six o'clock in the morning or after seven o'clock in the evening without reference to the employment being for wages or compensation.

The provision of R. L. c. 106, § 28, as amended by St. 1905, c. 267, which prohibits the employment of a child under the age of fourteen years before six o'clock in the morning or after seven o'clock in the evening, applies to the employment of such a child at work in this Commonwealth, wherever the contract was made and whether the child is an inhabitant of the Commonwealth or a non-resident.

COMPLAINT in the Municipal Court of the City of Boston on April 16, 1909, under R. L. c. 106, § 28, as amended by St. 1905, c. 267, for employing at work on April 9, 1909, after seven o'clock in the evening of that day Antrim Short and

Grace Shanley, each being a child under the age of fourteen years, the charge as to each of them being contained in a separate count, as stated in the opinion.

In the municipal court the defendant was found guilty, and was sentenced to pay a fine of $50.  He appealed to the Superior Court.

In the Superior Court before *Wait*, J., the case was submitted upon an agreed statement of facts, stated in substance in the opinion.  Upon these facts the defendant asked the judge to rule that the defendant could not be convicted upon either count; and that the section of the statute in question had no application to the facts in the case at bar; and asked the judge to direct a verdict of " Not guilty " on both counts.  The judge refused so to rule, and instructed the jury that the facts would warrant them in bringing in a verdict of " Guilty " on each count, which the jury did.  The defendant alleged exceptions.

The case was submitted on briefs.

*J. A. Brackett*, for the defendant.

*M. J. Dwyer*, Assistant District Attorney, for the Commonwealth.

KNOWLTON, C. J.   The defendant was convicted upon a complaint for the unlawful employment of children.  One Antrim Short, a boy nine years of age, took a speaking part between the hours of eight and ten o'clock in the evening, in a play produced by the defendant as manager, at the Majestic Theatre in Boston.  The company in which he appeared played an engagement at this theatre for two weeks, beginning Monday, April 5, 1909.  Antrim resided with his father and mother in New York city, and came to Boston, with his father, to take part in this play as stated above.  He was not paid wages or a compensation for his appearance, but his appearance was with the sanction of his father, who also appeared as an actor in the same cast in which Antrim appeared, and Antrim's participation in the play was a part of his training for the dramatic profession.  The defendant procured the boy to appear in the play as above stated.  This was the subject of the first count in the complaint.

The second count alleged similar facts as to the employment of Grace Shanley, a girl thirteen years of age, who appeared in the same cast of the same play as did the boy Antrim, between

the hours of eight and ten o'clock in the evening, in a speaking part. The facts in reference to her were the same as those in reference to Antrim, except that her appearance was with the knowledge and consent of her mother, an actress who also took part in the play, and who was paid a certain compensation by the week for the services of herself and her daughter. This engagement was for two weeks. The defendant asked the judge to rule that, on the facts, he could not be convicted upon either count. He excepted to the refusal so to rule, and to the submission of the case to the jury under an instruction that the facts would warrant a conviction.

The complaint was under the R. L. c. 106, § 28, as amended by the St. 1905, c. 267. A part of the section which is relied on is as follows: " No child under the age of fourteen years shall be employed at work performed for wages or other compensation, to whomsoever payable, during the hours when the public schools of the city or town in which he resides are in session, or be employed at work before six o'clock in the morning or after seven o'clock in the evening." The last clause of the sentence is the one deemed applicable to the present case.

The defendant contends that this is not an absolute provision of general application, but that it relates only to employment in some factory, workshop or mercantile establishment, such as is referred to earlier in the section. He also contends that it is not applicable to work in a theatrical exhibition, because of the prohibition of employment of children in certain things connected with such exhibitions that appears in the R. L. c. 106, § 45, and he argues that, if applied to such exhibitions, it would be inconsistent with this last section. We are of opinion that neither of these contentions is well founded. By the St. 1888, c. 348, § 2, where this provision appears at the beginning of a section which then goes on to deal with other subjects, it is made plain that this is an absolute and general prohibition. The language there is: " No child under fourteen years of age shall be employed in any manner before the hour of six o'clock in the morning or after seven o'clock in the evening." The provision has been retained, without material change, in various re-enactments, to the present time. We perceive no incon-

sistency between it and the R. L. c. 106, § 45, which deals with a limited class of exhibitions.

These children were performing their parts after seven o'clock in the evening. One question is whether one, employed as an actor in a speaking part, is at work, within the meaning of the statute. It is contended by the defendant that the word " work " should be given a narrow meaning, and limited to such as is done in a factory, workshop or mercantile establishment. We are of opinion that it should be given a broader meaning. The statute was intended to protect children from employment calling for constant attention, regular effort and physical or mental strain, to accomplish the desired result. The word " work " is of broad signification. One of its primary meanings, as it is defined in Webster's International dictionary, is " Effort directed to an end," and the author quotes from Shakespeare Portia's call:

> " Come on, Nerissa; I have work in hand
>     That you yet know not of."

The object of the statute forbids restriction of the word to a narrow meaning.

Another question is whether the jury could find that the defendant employed these children. Here again, if we go to the lexicographer, we have as a meaning of " employ," " To use as a servant, agent or representative." These children were engaged in a regular service for the defendant in Boston, for two weeks. He depended upon them to do what was a necessary part of that which he was presenting every evening for the entertainment of theatre-goers. Without them his business could not go on; at least, it could not go on in the way that he desired to have it go. The facts find that he " procured the boy to appear in the play as aforesaid." He allowed a compensation for the service of the girl. He gave to the boy an opportunity for valuable training, and for constant companionship with his father, who was an actor in the company. The service was rendered regularly, under an engagement relied on by both parties, for such benefits as might result from it. The payment of compensation, as such, is not a necessary element of employment. If one is procured to work regularly under an engagement, rendering valuable service for a specified time, it

may be found that he is employed, although he receives nothing as an agreed compensation. He is used and relied upon to accomplish the purpose of his employer. This statute itself recognizes that there may be employment without wages or compensation, when it provides that employment during the hours when the public schools are in session shall be punishable only when it is for wages or other compensation, while employment in the night time is punishable without reference to its being for wages or compensation.

There is no good ground for the defendant's contention that the statute is not applicable to work in this Commonwealth, done under an employment contracted for in another State by persons residing there. It looks to employment at work here, wherever the contract is made, and whether the children are inhabitants of this State or non-residents.

*Exceptions overruled.*