LOUIS M. SOLOMON
*vs.*
MARTIN ROSOL

Superior Court     New Haven County     File No. 60643

MEMORANDUM FILED SEPTEMBER 30, 1941.

*Alexander Winnick,* of New Haven, for the Plaintiff.

*Watrous, Gumbart & Corbin,* of New Haven, for the Defendant.

DICKENSON, J. The collision upon which the action is based is alleged to have occurred March 28, 1940. The plaintiff sues upon a complaint dated March 10, 1941. The writ was served on the defendant March 27, 1941, and the case was returnable to the first Tuesday of May, 1941. On August 13, 1941, the defendant filed an answer and counterclaim. The plaintiff demurs to the counterclaim because it sets up a tort action and was not brought within one year.

In the recent case of *Consolidated Motor Lines, Inc. vs. M. & M. Transp. Co.,* 128 Conn. 107, it was held that notice to opposing counsel of an intention to file such a claim, which notice was within the year, constituted the commencement of the action and the observation was made: "We may assume for the purposes of this case that a counterclaim of the nature of that before us is so far to be regarded as an independent action that the Statute of Limitations applies as it would were a separate suit brought." The action was similar in character to the instant one.

While the instant question is not directly answered in that decision the dictum points to a position the court would presumably have taken had it been necessary—and logically. The counterclaim is not in the nature of a set-off. Under the present pleadings both parties may not recover affirmatively but only one or the other or neither. The defendant still has his defense to pursue but, having failed to take the offensive in time, he is restricted to defensive action.

While section 5511 of the General Statutes, Revision of 1930, gives a defendant the right to bring a counterclaim in any action, that is in character a procedural statute which is restricted by the substantive law. "The general rule is that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right—it is a limitation of the liability itself as created, and not of the remedy alone." *New Britain Lumber Co. vs. American Surety Co.,* 113 Conn. 1, 7. While it may be argued that the right in question did exist at common law, in answer it is to be said that "when it [the Legislature]

undertook to legislate upon that subject it was with the purpose of making some change in the existing law." *Silver vs. Silver,* 108 Conn. 371, 375.

The Legislature in section 1680c of the 1935 Cumulative Supplement to the General Statutes, and its predecessors, affixed a condition to the action, the one in issue, which makes it a statutory action in this respect at least. Nor is the statute confined to negligence actions alone. *Tuohey vs. Martinjak,* 119 Conn. 500.

It is held the counterclaim sets up an independent cause of action which is barred by the statute. *Gorham vs. Bulkley,* 49 Conn. 91.

The demurrer is sustained.