FRANK LUTKEVICZ *v.* E. GAYNOR BRENNAN ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued February 3—decided March 6, 1942.

*Leo V. Gaffney,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellants (defendants).

*Charles E. Mahoney,* for the appellee (plaintiff).

AVERY, J. From the finding of the liquor control commission, it appears that the plaintiff was permittee of premises at Windsor. On the night of October 11, 1940, an inspector of the commission, accompanied by an officer of the state police, visited the premises. A boy, seventeen years of age, was working therein. At a hearing held on November 14, 1940, the commission

found the permittee an unsuitable person by reason of violation of § 977e of the 1939 Cumulative Supplement to the General Statutes, and revoked his permit. From this decision the plaintiff appealed to the Superior Court where the appeal was sustained and, no doubt because the permit which was revoked would have expired before the action was heard and relief could be afforded the plaintiff only by the issuance of a new permit, judgment was entered ordering the commission to issue such a permit.

The basic question involved in this appeal is the construction of § 977e, which provides in part: ". . . no minor shall be employed in any tavern in any capacity or in handling any alcoholic liquor upon, in delivering any alcoholic liquor to, or in carrying or conveying any alcoholic liquor from any permit premises, *except permit premises operating under a package store beer permit*." There was evidence before the commission, and the plaintiff in his brief concedes, that on the night in question, and a few other times, a seventeen year old boy, the son of the permittee's housekeeper, served beer to patrons. It appears to be conceded by both parties that he received no compensation for so doing. The plaintiff claims that the word "employ" is to be construed as meaning a contract for hire and does not include performing services for another without compensation within the meaning of the statute. Such a construction does violence to the language of the law itself. The contention that the word "employed" involves a monetary consideration narrows its definition to a significance more limited than its ordinary meaning. The primary meaning of the word "employ" is "to make use of the services of; to have or keep at work; to give employment to; to intrust with some duty or behest." Webster's New International Dictionary. Employ is used to empha-

size the idea of service rendered or to be rendered. The meaning of the word is not limited to services which are rendered for wages. *Commonwealth* v. *Griffith*, 204 Mass. 18, 21, 90 N. E. 394. The purpose of the statute was to shield minors and prevent them from being brought into close contact with the operation of the liquor business. In order to sustain the position of the appellee we would be required to give to the word "employed" a meaning which might be the means of defeating the obvious purpose of the statute.

The plaintiff, in his brief, contends that, as the statute provides for the imposition of penalties, it is to be regarded as a criminal statute and strictly construed. "All statutes, whether remedial or penal, should be construed according to the apparent intention of the legislature, to be gathered from the language used, connected with the subject of legislation, and so that the entire language shall have effect, if it can, without defeating the obvious design and purpose of the law. And in doing this, the application of common sense to the language, is not to be excluded." *Rawson* v. *State*, 19 Conn. 292, 299; *State* v. *Faro*, 118 Conn. 267, 272, 171 Atl. 660.

There is error, the judgment is set aside and the case is remanded to the Superior Court with direction to enter judgment dismissing the plaintiff's appeal.

In this opinion the other judges concurred.