## EDMOND J. OLES ET ALS
*vs.*
## LIQUOR CONTROL COMMISSION

Superior Court      Hartford County      File No. 66916

MEMORANDUM FILED MARCH 31, 1942.

*Schatz & Schatz,* of Hartford, for the Plaintiffs.

*Francis A. Pallotti,* Attorney General, and *Leo V. Gaffney,* Assistant Attorney General, for the Defendant.

DICKENSON, J. The first sentence of section 1066c of the 1935 Cumulative Supplement to the General Statutes reads as follows: "No person, who is by statute or regulation declared to be an unsuitable person to hold a permit to sell alcoholic liquor, shall be employed in any tavern in this state." Substitute statutes were enacted in 1937 and 1939 (§620d and §977e) in which this sentence was retained unchanged. In 1941 section 466f was substituted and in this statute the sentence was retained in part but after the word "employed" was added "on any permit premises in this state where alcoholic liquors are sold for consumption thereon." The only change in the sentence was that "permit premises....where alcoholic liquors are sold" was substituted for "tavern."

In December, 1941, the defendant Commission published an order designated as "Sec. 14. Employees", which reads as follows: "All persons now engaged in the handling, distribution or sale of alcoholic liquors under a permit issued by the

Commission, shall, immediately obtain from the Liquor Control Commission a Certificate of Approval and shall, with their application, furnish such evidence as the Commission may require.

"Any person intending to engage in the handling, distribution or sale of alcoholic liquors under a permit issued by the Commission shall, before entering upon his employment, obtain from the Liquor Control Commission a Certificate of Approval and shall, with his application, furnish such evidence as the Commission may require.

"No person who has been found by the Commission to be unsuitable under the Liquor Control Act or who has failed to receive a Certificate of Approval shall be employed or engaged, either for hire or otherwise, in the handling, distribution or sale of alcoholic liquors under any permit. Stipulations that certain persons have no interest, financial or otherwise, in the permit business and that they will not be employed on or permitted on the permit premises may be required." The Commission proceeded to put the order into effect by requiring various persons to procure "certificates of approval" from the Commission before they could be or remain in the employ of permittees. The plaintiffs in this action, the Hotel Bond Company, permittees in its employ and a wine steward in its employ, bring this action asking an injunction restraining the defendant from enforcing the provisions of said section 14 and from performing various acts in connection with it; and for a decree declaring the section null and void.

Replying to the complaint, the defendant contended on the trial that section 14 was regularly adopted and was authorized by section 1019c of the 1935 Supplement to the General Statutes, which provides that "The Commission shall have power to enforce the provisions of this chapter, and to make all needful rules and regulations for that purpose; it shall have power generally to do whatever is reasonably necessary for the carrying out of the intent of this chapter." This statute, of course, antedates section 466f.

Briefly, the plaintiffs retort that the defendant has attempted to legislate rather than regulate and this appears to be the case. There has been no change in the statute (§466f) from the earlier ones that has altered the situation. Then, as now, it was addressed to employers and not employees. The word

employ means "to make use of the services of." *Lutkevicz vs. Brennan,* 128 Conn. 651, 25 A. (2d) 66. The purport of the statute is to put certain responsibilities upon employers and hold them to such duties by penalty for failure to perform them. The Commission has treated it in substantially the same manner as it has the permittee section, laying down in effect the same requirements for employees as are required of permittees. But the permittee section expressly provides the machinery to carry it out—provides for various kinds of permits and the manner in which they shall be petitioned for, while section 466f makes no provision for permits or certificates of approval of any kind.

It could hardly have been the intent of the Legislature to put upon the Commission the burden of licensing all employees on permittee premises and the vast detail of work required to examine every applicant for employment, or to require hotels to engage no one in the various activities concerned with handling liquors unless or until he could produce a certificate from the Commission. *Loglisci vs. Liquor Control Commission,* 123 Conn. 31, decided in 1937, is an instance of the contemplated application of the statute. The plaintiff therein was alleged to have violated a provision relating to the employment of a minor and the defendant Commission revoked his permit. The Commission is not required to anticipate violations of the law. Like other criminal laws, the employer is presumed to know and comply with this one and is punished if he fails to. Further, the Commission under another provision of section 1019c, *supra,* which gives it the right to enforce the provisions of the Liquor Control Act is expressly "empowered to call upon....state and municipal police departments and upon prosecuting officers and state's attorneys for such information and assistance as it may deem necessary to the performance of its duties."

In its brief, the defendant argues it was "expressly mandated by virtue of the passage of Sec. 466f to inquire into the record, reputation and character of every employee on permit premises, and that section 14 was adopted as a means of carrying out the mandate. If the statute contains such a mandate, it is held that section 14 is not a legal measure to carry it out. In *Loglisci vs. Liquor Control Commission, supra,* it is said (p. 37): "The authority of the administrative body acting under such grant of power, is limited to the making

of reasonable rules and regulations within the scope of the power granted" and " 'cannot be extended to amending or adding to the requirements of the statute itself.' "

The defendant argues that an employer enjoys no right under the Act since it is expressly provided in section 1026c that a permit is a purely personal privilege and not a property right. This is true so far as the status of personal privilege is concerned but the privilege is not the grant of the Commission but of the State under prescribed conditions.

It is held that the defendant has attempted to legislate in section 14 and the section is unreasonable, arbitrary and illegal.

Various other reasons have been advanced by the plaintiffs in support of their prayers for relief. Such of these as have to do with the details of the enforcement of section 14, it is not necessary to consider at this time because of the position taken that the section is a nullity. There are certain of the other reasons that should be at least referred to however.

As to the adoption of the rule, while it appears that no formal vote was taken, the evidence is that it was discussed and accepted at a meeting of the Commission and was published in the defendant's blue book of regulations which is premised with section 1, that: "These regulations shall take effect and be in force on and after December 31, 1941, unless otherwise indicated." It is held it was legally adopted.

As to the claim of irreparable damage the evidence is convincing that in view of the numerous employees of the plaintiff Hotel Bond Company, the constant shift in employment and the necessary time taken by the defendant to examine and check and certify prospective employees, the plaintiffs would be seriously affected in their business with no legal relief available.

The action is not one where a declaratory judgment is appropriate. (*Practice Book* [1934] §250.) The prayer that a permanent injunction issue restraining the defendant from enforcing the provisions of its regulation section 14 is granted.