The collision upon which this action is based is alleged to have occurred 1 October 1960. The plaintiffs sue in a complaint dated 16 December 1960, served on the 19th of that month and returnable on the first Tuesday of January 1961. The defendant Roy's answer was filed 28 January of this year. On 6 October, a motion to amend the answer was filed, accompanied by the proposed amendment, which contained a counterclaim by Roy arising out of the same collision. This motion was granted at the short calendar on 13 October. No one appeared in opposition thereto, since the plaintiffs' attorneys forwarded their copy of the motion *Page 141 
to their clients' insurance representative, who in turn sent it to their counsel. The latter did not receive the pleading until after it had been granted, but thereupon promptly filed their appearance and a motion to reopen the order granting the motion to amend.
Defendant's attorney resisted the reopening. The court, of course, has discretionary authority to reopen such an order. "`It is a general rule of law, that all the judgments, decrees or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and that they may then be set aside, vacated, modified or annulled by the court.'"Tyler v. Aspinwall, 73 Conn. 493, 497 (1901), quotingBronson v. Schulten, 104 U.S. 410, 415 (1881); see also Cichy v. Kostyk, 143 Conn. 688, 697 (1956);Poneleit v. Dudas, 141 Conn. 413, 416 (1954). This discretion should certainly be exercised here, where the petitioning parties were precluded from opposing the motion to amend through no fault of their own and acted promptly upon notice, and where the opposing litigant has neither incurred detriment nor changed his position in reliance on the granting of the motion to amend.
Defendant's attorney objects also because the motion to reopen contains a mention of insurance. The simple answer to this is that he has a right to request the trial court to withhold this pleading from the jury at the appropriate time. Further objection is made on the ground that the motion to reopen is sought to be filed by the insurance company's lawyers, who have no real interest except that of the insurer, instead of by the attorneys retained by the plaintiffs to represent their own cause. This does not hold, since the appearance filed by the insurance company's attorneys is entered *Page 142 
by the latter for the plaintiffs in pursuit of the insurer's contractual duty to defend the cause. It hardly needs the statement that that duty permits, not to say requires, that these attorneys use their best efforts and judgment to that effect.
The plaintiffs oppose the motion to amend the answer on the ground that the counterclaim is barred by the Statute of Limitations, § 52-584 of the General Statutes, in that (1) it was not filed within one year from the date of the accident nor (2) before the pleadings in this suit were finally closed.
The court at the hearing on this motion indicated that it had before it only the question whether or not the request to reopen the order should be granted, whereupon counsel agreed that the allowance of the amendment itself could also be argued at the same time in the interest of avoiding delay. Since they included in their arguments those bearing on the sufficiency of the counterclaim, it is academic whether the better procedure would be by demurrer. The court having decided to reopen the order, the allowance of the amendment on its merits is therefore considered.
The first issue was decided in Solomon v. Rosol,10 Conn. Sup. 4 (1941), the court considering the same statutes as here involved: § 52-584, the general Statute of Limitations on actions for damages to property (then § 1680c of the 1935 Cumulative Supplement), and the statute allowing counterclaims, including the one here in question (§ 52-96, then § 5511 of the 1930 Revision). The opinion noted the observation in Consolidated Motor Lines,Inc. v. M M Transportation Co., 128 Conn. 107,108 (1941) that "[w]e may assume for the purposes of this case that a counterclaim of the nature of that before us is so far to be regarded as an independent *Page 143 
action that the Statute of Limitations applies as it would were a separate suit brought."
Were the cause of action attempted to be set up in the counterclaim unknown to the common law and purely a creature of statute, the provision that the action must be brought within one year is a limitation on the liability and not the remedy.Young v. Margiotta, 136 Conn. 429, 432 (1950);New Britain Lumber Co. v. American Surety Co.,113 Conn. 1, 7 (1931). Even if it did exist at common law, where the General Assembly knew this and undertook to legislate upon the subject, it was with the purpose of making some change therein.Silver v. Silver, 108 Conn. 371, 375 (1928).
Both of the acts involved here were incorporated in the Revision of 1902 and have been successively reenacted in the various revisions. The legislature is presumed to have been aware of the court's interpretation of statutes and the effect which its own nonaction thereafter may have. Buxton v. Ullman,147 Conn. 48, 56 (1959). The presumption is also that the legislature, in adopting an act, does so in view of existing relevant enactments and with the intention that the act be read with them so as to make one consistent body of law. Wilson v. WestHaven, 142 Conn. 646, 654 (1955). Thus, for the purpose of the issue here, we are dealing with what amounts to one statutory action, in this respect at least. Solomon v. Rosol, supra.
"An amendment to a complaint relates back to the institution of the action for some purposes . . . [cit.] . . . but when it sets up a new and different cause of action it speaks as of the date when it is filed." Kelsall v. Kelsall, 139 Conn. 163, 165 (1952). Beyond question, this applies with equal, if not greater, force to a counterclaim. The filing of an *Page 144 
answer containing a counterclaim is the commencement of the action set up therein. ConsolidatedMotor Lines, Inc. v. M M Transportation Co.,
supra, 109. The filing of this counterclaim is therefore barred by the Statute of Limitations.
As to the plaintiffs' second point, the defendant argues that these pleadings were not closed, because pleadings are never closed since the court may always reopen them to permit amendment. This might have been, but was not, raised in the Solomon
case. It is, of course, true that the court can permit amendment at any time, even after judgment. IdealFinancing Assn. v. LaBonte, 120 Conn. 190 (1935). When pleadings are "finally closed" within the intendment of § 52-584 is undecided in this state. However, the contention of the defendant that the filing of the amended answer would be such closing of the pleadings as to allow the filing of that same answer is to argue in a circle. To allow that argument to prevail in this situation would be to reduce the Statute of Limitations as it applies here to a meaningless pulp. The intent to enact an unworkable statute is not to be imputed to the General Assembly unless the statutory language expressly requires it. Pecora v. Zoning Commission,145 Conn. 435, 440 (1958). The construction which the defendant urges upon the court would thus lead to bizarre results, e. g. that even after judgment, which might be years after the time limited by the statute, a counterclaim such as this could be allowed. The court is warranted in assuming that the legislative intent was to attain a rational and sensible result, not an absurd or ridiculous consequence.Bridgeport v. Stratford, 142 Conn. 634, 643 (1955). A statute is to be construed so that the entire language shall have effect without defeating the obvious design and purpose of the law, and in doing this, the application of common sense to the language *Page 145 
is not to be excluded. Lutkevicz v. Brennan,128 Conn. 651, 653 (1942).
We hold, therefore, that the phrase in § 52-584
referring to "any time before the pleadings in such action are finally closed," as applied to this case, precludes the filing of the counterclaim at this time. All pleading which would have made that counterclaim admissible under the statute was contained in the original complaint. Nothing filed thereafter added any new relevant matter. Therefore, upon the filing of the reply on 31 January 1961, the pleadings were closed. On that day, the pleadings had "terminated in an issue or issues of fact decisive of the merits of the case." Practice Book § 121. That the defendant so understood is evidenced by the fact that on 10 February 1961, that is, "within ten days after," he filed a claim of the case for the jury docket. General Statutes § 52-215. Hence the counterclaim is not interposed at any time before the pleadings are closed.
 The motion to amend the answer is denied.