### STATE v. TOMLINSON.

Nos. 9-161089, 9-161090.

Metropolitan Court, Dade County.

October 9, 1969.

Richard E. Gerstein, State Attorney, Joseph Nazzaro, Assistant State Atorney, for the state.

Nicholas F. Tsamoutales, Miami, for the defendant.

THOMAS E. LEE, Judge.

This cause came on to be heard before the court, after due notice, on defendant's motions to suppress, for trial by jury, to quash, for bill of particulars and for discovery and production of documents and statements, and the court having heard argument of counsel for defendant as well as the state attorney and other evidence submitted in open court, the court finds as follows —

The testimony is unrefuted that on May 2nd, 1969, the defendant was arrested on two charges, to wit — (a) Careless driving by disobeying a traffic signal, resulting in an accident, allegedly in violation of §30-17a, Metropolitan Code, Dade County, complaint no. 9-161089, and (b) Driving or being in physical control of a vehicle while under the influence of alcoholic beverages, narcotic drugs, barbituates or central nervous system stimulants, allegedly in violation of §30-15a, Metropolitan Code, Dade County, complaint no. 9-161090.

Upon being taken and held in the Dade County jail, the defendant was allowed to contact his attorney and the attorney arrived shortly thereafter. In behalf of the defendant the attorney made several requests, including a request for permission to bring a physician to the jail for the purpose of examining and testing the defendant in order to obtain evidence for and in his behalf with respect to the charge of driving under the influence of alcoholic beverages or drugs. This specific request for permission to bring a physician to the jail at the expense of the defendant was denied by an officer of the Dade County Department of Public Safety at the jail. Several other requests were denied as well.

Thereupon, defendant's attorney filed the above motions and a hearing was held on July 7, 1969, which was addressed, among other matters, principally to the motion to suppress for intoxication. At that time, this court deferred ruling on the motions and took the matter under advisement, with instructions to counsel to submit memoranda of law concerning their contentions.

The court has carefully reviewed and studied the memoranda of law submitted by the parties including a scholarly and lengthy comment on the Florida "implied consent" statute in volume 22, University of Miami Law Review, at page 698, the case of Schmerber v. California, 16 L. Ed. 2d 908, and other cases hereinafter mentioned.

The court finds that the basic legal question presented, the answer to which will be determinative of the issues herein, is —

*Was the defendant denied due process of law in the refusal of his attorney's request for permission to bring a physician to the jail for the purpose of examining and testing the defendant in order to obtain evidence for and in his behalf with respect to the alleged violation of §30-15a, Metropolitan Code, Dade County?*

It is this court's finding that the question must be answered in the affirmative.

§30-15.1 (2) (c) of the Code of Metropolitan Dade County states, with reference to a person arrested for driving while under the influence of alcoholic beverages — "The person tested may, at his own expense, have a physician . . . of his own choosing administer a test, in addition to a test administered at the direction of a peace officer, for the purpose of determining the amount of alcohol in his blood at the time alleged . . ." It may be argued that the above provision is phrased in the permissive "may", rather than in the mandatory "shall be permitted," as some of the so-called "implied consent" laws in various states do provide. (See People v. Koval, 1963 Mich., 124 N.W. 2d 274, 275). However, to argue so would destroy any reason for such provision being in the ordinance if the arresting authority could ignore it at will. "It cannot be presumed that the legislature [passing such an ordinance] would do a futile thing . . ." Sutherland, *Statutory Construction,* 3rd Edition, §4510. "It must be assumed that this provision enacted by the legislature was intended to have some useful purpose." Girard Trust Co. v. Tampa Shores Development Co. (1928 Fla.), 117 So. 786, 788. "The court is warranted in assuming that the legislative intent was to attain a rational and sensible result, not an absurd or ridiculous consequence." Seletsky v. Roy (Conn. 1961), 177 A.2d 805.

Furthermore, "It is a matter of common knowledge that the intoxicating effect of alcohol diminishes with the passage of time; hence, the probative value of a blood test diminishes as well. In a short period of time an intoxicated person may 'sober up' sufficiently to negate the materiality of a blood test where the sample has not been timely withdrawn . . ." Therefore, for such reasons, *" . . . in no event can duly constituted authority hamper or interfere with efforts on the part of an accused to obtain a sampling of his blood, without denying to him due process of law. We are persuaded to such conclusion in any instance where the conduct of the authorities, whether through affirmative action or by the imposition of their rules and regulations, imposes any material obstacle in the*

*path of the accused* . . . It is sufficient if, in seeking to establish the fact of the alcoholic content of his blood, the authorities, by their actions or regulations, frustrate his reasonable efforts designed to produce probative evidence." (Italics added.) In re Martin (1962 Cal.), 24 Cal. Rptr. 833, 835.

"To refuse him such reasonable opportunity is to deny him the only opportunity he has to defend himself against the charge." Application of Howard (1962 Cal. App.), 25 Cal. Rptr. 590, 592.

It is true that the ordinance here involved does provide that — "The failure or inability to obtain an additional test by a person shall not preclude the admissibility in evidence of the test taken at the direction of a peace officer." §30-15.1 (2) (c) Metropolitan Code.

But such failure or inability must not be caused by the arresting authority itself. As it was pointed out in a California case, which is a state whose statute is worded exactly the same, word for word, as the sub-section of the Metropolitan Code here under discussion (see California Vehicle Code, §13354, subparagraph b) — "It is sufficient if, in seeking to establish the fact of the alcoholic content of his [the defendant's] blood, the authorities, by their actions or regulations, frustrate his [the defendant's] reasonable efforts designed to produce probative evidence." * * * "A refusal by the police under the foregoing circumstances is analogous to a suppression of evidence and violative of due process of law." In re Martin, supra.

It should be remembered that — "The raison d'etre for the statutory scheme [here under discussion] is neither punitive nor the imposition of driver license suspension for the sake of suspension. Rather the legislation exists as a part of a fair, efficient, and accurate system of detection and prevention of drunken driving; to obtain the best evidence of blood-alcohol content at the time of the arrest of a person reasonably believed to be driving while intoxicated; and to avoid violence which may attend tests upon reluctant inebriates. * * * . . . [§30-15.1 (1) and §30-15.1 (2) of the Metropolitan Code] are to be read together, the first as imposing obligations upon . . . [the accused driver] and the latter as granting procedural rights correlative to those obligations." Kesler v. Department of Motor Vehicles (1969 Cal. App.), 76 Cal. Rptr. 564, 567.

Therefore, it is the finding and conclusion of this court that the defendant, John Tomlinson, Jr., was denied due process of law, under the factual situation here involved, when the request of his attorney for permission to obtain a physician to examine and test

the defendant under provisions of §30-15.1 (2) (c) of the Metropolitan Code was refused.

It is accordingly considered, ordered and adjudged —

(1) That there was a denial of due process of law to the defendant, John Tomlinson, Jr., by the authorities' non-compliance with the ordinance requirement in question, §30-15.1 (2) (c) of the Code of Metropolitan Dade County, and therefore the motion to suppress the evidence is granted. The other motions filed by defendant are not touched upon in this order as they are moot.

(2) That the charge of driving under the influence of alcoholic beverages to the extent that his normal faculties were impaired against such defendant, case no. 9-161090, is dismissed with prejudice.

(3) That the clerk of the court is directed to place the remaining complaint bearing case no. 9-161089 pertaining to careless driving, resulting in an accident, on the next ensuing trial calendar.