This case is presently before the court on plaintiff Lasprogato's motion to strike the City of Norwalk's two-count counterclaim dated May 7, 1990. Also before the court are plaintiff's objection to the counterclaim, dated May 14, 1990, and objection to defendant's June 19, 1991 request to amend, dated July 3, 1991. The facts relevant to the present motion are as follows.
The plaintiff, Daniel Lasprogato, filed a two-count complaint on February 11, 1988 against two defendants, the City of Norwalk and Brian D. Liddy for personal injuries allegedly sustained as the result of an automobile accident occurring on March 4, 1986. The first count alleged negligence and recklessness against Liddy. The second count alleged a statutory cause of action against the City of Norwalk pursuant to Conn. Gen. Stat. 7-101(a). On February 16, 1988, Lasprogato filed a five-count amended complaint. The second count alleged a cause of action under Conn. Gen. Stat.7-101(a) against the City. The third count, as to the City, alleged negligent entrustment of a police vehicle to Liddy. The fifth count, as to the City, alleged negligent entrustment of its automobile to Liddy.
By decision dated April 11, 1990 the court, Cioffi, J., granted the City's motion for summary judgment on the second, third and fifth counts. The court held that the second count was barred because plaintiff failed to provide notice to the City, a prerequisite to maintaining an indemnification action under Conn. Gen. Stat. 7-101(a), and the third and fifth counts were barred by the applicable statute of limitations, because the common law negligence claims in those counts alleged new and different factual situations from the statutory cause of action in count two.
Subsequent to the court's decision on the motion for summary judgment the City filed a pleading entitled "Counterclaim," dated May 7, 1990, alleging in two counts vexatious litigation and malicious prosecution against Lasprogato, and claiming money damages. Lasprogato filed an objection to this counterclaim, dated May 14, 1990, asserting that the City failed to comply with Practice Book 176, that CT Page 7002 the counterclaim is not part of the same transaction as alleged in plaintiff's complaint and therefore must be brought as a separate action, and that defendant waived its right to file this counterclaim when it filed its answer and counterclaim on November 22, 1989.
On June 4, 1990 plaintiff filed a motion to strike the counterclaim on the same grounds as those asserted in his objection to the counterclaim. He also filed a memorandum of law in support of his motion, and a supplemental memorandum. The City filed an objection to the motion to strike, as well as a memorandum and supplemental memorandum in support of its objection. On June 20, 1991, the City filed a request to amend its November 22, 1989 counterclaim by supplementing it with the May 7, 1990 counterclaim. On July 3, 1991 Lasprogato objected to this request to amend.
Plaintiff argues that because the counterclaim, alleging vexatious litigation, does not relate to the same transaction alleged in plaintiff's complaint it should be stricken. The plaintiff's complaint relates to a motor vehicle accident allegedly occurring as a result of the defendants' negligence. The counterclaim alleges facts relating to the lawsuit brought by the plaintiff, not to the plaintiff's underlying claim. It is found that such a counterclaim is improper in this action, because the subject matter of the counterclaim is not "so connected with the matter in controversy in the plaintiff's complaint that its consideration is necessary for a full determination of the rights of the parties.' Northwestern Electric, Inc. v. Rozbicki, 6 Conn. App. 417, 426 (1986). See also Conn. Practice Bk. 116. Accordingly, the motion to strike should be granted on the first ground asserted by the plaintiff.
Plaintiff next argues that defendant has not complied with Practice Bk. 168 and has waived its right to file the counterclaim. The defendant argues that the counterclaim was not ripe at the time its original answer was filed. Practice Bk. 168 authorizes the defendant to plead a counterclaim in his answer, provided it arises out of the same transaction as the plaintiff's complaint. The defendant in this case filed its counterclaim after the pleadings were already closed. For this reason, it is improper, see Seletsky v. Roy, 23 Conn. Sup. 139
(C.P. 1961), and should be stricken.
Finally, plaintiff argues that defendant's failure to comply with Practice Book 176 bars his counterclaim. This section provides that amendments to pleadings after the time limitation stated in 175 may be made by order of the court, by written consent of the adverse party, or by filing a request CT Page 7003 for leave to file such amendment. It is undisputed that the filing of the May 7, 1990 counterclaim did not comply with Practice Book 176. By request to amend dated May 16, 1991, the City seeks to correct its error. The plaintiff objects. The court has discretion to deny such amendment. Citizens National Bank v. Hubney, 182 Conn. 310, 313 (1980).
It is the opinion of the court that the motion to strike on this ground is not the proper method for attacking the counterclaim. However, the court, in its discretion, sustains plaintiff's objection to defendant's Request to Amend and accomplish the same result.
JOHN J. P. RYAN, JUDGE.