ANTHONY J. DiNORSCIA, Plaintiff, v. SAMUEL H. TIBBETT, Defendant.

(*July* 10, 1956.)

HERRMANN, J., sitting.

*Henry R. Horsey* (of Berl, Potter and Anderson) for the plaintiff as counterdefendant.

*William Prickett* for the defendant and counterclaimant.

Superior Court for New Castle County, No. 945, Civil Action, 1955.

HERRMANN, J.:

The question presented is whether the filing of the plaintiff's complaint for damages arising from an automobile accident suspends the running of the statute of limitations as to the defendant's counterclaim for damages arising from the same accident.

The accident, from which the claim and the counterclaim arose, occurred on October 24, 1954. The plaintiff filed his action for personal injuries and property damage on October 20, 1955, alleging the defendant's negligence. On November 25, 1955, the

defendant answered the complaint, denying negligence and asserting the plaintiff's contributory negligence. On November 29, 1955, the defendant filed an amended answer in which he set forth his counterclaim[1] for personal injuries and property damage. The defendant seeks affirmative relief in the form of a judgment against the plaintiff.

The plaintiff pleads the statute of limitations as an affirmative defense to the counterclaim for personal injuries, pointing out that the counterclaim was filed on November 29, 1955 while the accident occurred on October 24, 1954. The defendant has moved to strike this defense as insufficient on the ground that the statute of limitations does not bar the counterclaim for personal injuries under the circumstances of this case.

Actions for property damage are governed by a three-year statute of limitations. See 10 *Del. C.* § 8106. Actions for personal injuries are governed by 10 *Del. C.* § 8118 which provides as follows:

"No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 1 year from the date upon which it is claimed that such alleged injuries were sustained."

This Statute applies unequivocally to any "action" for personal injuries and there is no exception to the bar imposed. I am of the opinion that the defendant's claim, seeking affirmative relief for personal injuries, is an "action", within the meaning of this Statute and subject to its one-year period of limitations, notwithstanding that his demand for such relief is presented by way of counterclaim. Compare *Delaware Chemicals, Inc., v. Reichhold Chemicals, Inc.*, Del. Ch. 121 *A.* 2d 913, 918.

---

[1]The counterclaim was filed under Civil Rule 13, *Del. C. Ann,* which is substantially the same as Rule 13 of the Federal Rules of Civil Procedure, 28 *U. S. C. A.* It provides, *inter alia,* for compulsory counterclaim as to any matter arising out of the same transaction that is the subject of the plaintiff's claim. It also provides that a counterclaimant may obtain affirmative relief.

The defendant contends that the plaintiff, by bringing his action, should be deemed to have waived the defense of limitations as to any claim of the defendant which arose from the accident and which was not barred by limitations at the time the plaintiff commenced his suit. The defendant argues that fairness and public policy require that we adopt the rule that the commencement of the plaintiff's action tolled the statute of limitations in a situation of this kind so that complete justice between the parties may be done. The defendant cites *Concrete Steel Co. v. Reinforced Concrete Co.*, Mo. App., 72 S. W. 2d 118; *Tom Reed Gold Mines Co. v. Brady*, 55 *Ariz.* 133, 99 *P.* 2d 97, 127 *A. L. R.* 905; *Union Sugar Co. v. Hollister Estate Co.*, 3 *Cal.* 2d 740, 47 *P.* 2d 273; *DeVito v. Hoffman*, 91 *U. S. App. D. C.* 263, 199 *F.* 2d 468; *United States v. Capital Transit Co.*, D. C. D. C., 108 *F. Supp.* 348; *Canned Foods, Inc., v. United States*, Ct. Cl., 140 *F. Supp.* 771.

There is conflict among the authorities on the question of the effect of statutes of limitations upon the right to assert counterclaims.[2] See 127 *A. L. R.* 909; 1 *A. L. R.* 2d 633. Confusion is created, I think, by varying local statutes and by failure to distinguish clearly between counterclaims seeking affirmative relief and those used purely as defensive instruments as in set-off or recoupment. It is said that according to the majority rule a counterclaim not barred by the statute of limitations at the commencement of the action in which it is pleaded does not become so afterward at any time during the pendency of the action. See 54 *C. J. S.*, Limitations of Actions, § 285; 34 *Am. Jur.* "Limitation of Actions", § 249; 3 *Federal Rules Service*, p. 688. Upon analysis of such statements and the authorities cited in support thereof, including the cases cited by the defendant herein, it appears that, generally speaking, the so-called majority rule was applied in one of the following situations: (1) where

---

[2]This question must be distinguished from the question of the effect of statutes of limitation upon the right to assert third-party claims. Compare *Goldsberry v. Frank Clendaniel, Inc.*, Del. Super., 109 *A.* 2d 405.

the counterclaim was used purely as a matter of defense in the nature of a set-off or recoupment and no affirmative relief was sought; or (2) where a special statute was involved; or (3) where there was a long-established and recognized local practice; or (4) where the counterclaim, while sounding in tort, actually arose from a contractual transaction upon which the plaintiff's claim was based.

I am of the opinion that it is beyond this Court's power to adopt the rule urged by the defendant where, as here, the counterclaimant seeks affirmative relief and where our statute of limitations so clearly creates an absolute bar to the claim asserted. In the absence of ambiguity in 10 *Del. C.* § 8118, there is no room for a construction such as that urged by the defendant. We would be engaging in judicial legislation, I think, if we read into § 8118 by construction one period of limitations for claims for personal injuries asserted in the form of original actions and a different period of limitations for the same types of demand when asserted by way of counterclaims. Since there is no statutory exception or tolling provision applicable to counterclaims seeking affirmative relief, I do not think that the Court is permitted to accomplish a modification of the statute of limitations by indulging in the judge-made rule of waiver urged by the defendant.

The defendant relies heavily upon *United States v. Capital Transit Co., supra,* and *Canned Foods, Inc., v. United States, supra.* It is to be noted that the *Capital Transit* case was complicated by the Federal Tort Claims Act and that it has been criticized in *United States v. W. H. Pollard Co., D. C. N. D. Cal.,* 124 *F. Supp.* 495, in which the scope of the Federal Act was carefully considered. It is also to be noted that while the counterclaim in the *Canned Foods* case was *ex delicto,* the transaction out of which the alleged tort arose was contractual. The dissenting opinion in the latter case is also noteworthy.

The defendant concedes that the tolling provision of 10 *Del. C.* § 8119[3] is not applicable in the pending case. The defendant also agrees that Civil Rule 13, under which his counterclaim was filed, does not affect the question of limitations here presented. See 3 *Moore on Federal Practice,* § 13.11.

The defendant cites my unreported opinion in *Martin v. Star Publishing Company* (Civil Action 320, 1952, Super. Ct., New Castle County), in which the above-mentioned "majority rule" was applied. In that case, the plaintiff's action was *ex- contractu* and while the defendants' counterclaim was *ex delicto* in form, the transaction out of which the alleged tort (fraud) arose was contractual. The counterclaimants made it clear to the Court that they were asserting the counterclaim as a matter of defense to diminish or defeat the plaintiff's recovery and they acknowledged that they would not be entitled to affirmative relief in the form of a verdict for the excess of the counterclaim over the claim. In reality, therefore, a counterclaim amounting to a recoupment was before the Court in the *Martin* case. See 1 *Woolley on Delaware Practice,* Secs. 502-506; *Edgemoor Iron Co. v. Brown Hoisting Mach. Co.,* 6 *Penn.* 10, 62 *A.* 1054, 4 *L. R. A., N. S.,* 858.

Thus, the *Martin* case presented a problem entirely different from that presented in the instant case and the ruling in that case is inapposite here. Obviously, the counterclaim in the instant case may not be considered as a defensive instrument having for its limited purpose the defeat or diminution of the plaintiff's recovery. The whole defense to the plaintiff's claim of negligence is asserted by the denial thereof and by the averment of contributory negligence. Such matters of defense have been completely set up in the defendant's answer and the counter-

---

[3] 10 *Del. C.* § 8119 provides as follows:

"The provisions of this chapter [Limitations of Actions] shall apply to any debt alleged by way of set-off or counterclaim on the part of a defendant. The time of limitation of such debt shall be computed in like manner as if an action therefor had been commenced at the time when the plaintiff's action commenced."

claim, seeking affirmative relief, is unrelated thereto. Compare *United States v. W. H. Pollard Co., supra.*

Unfortunately, the opinion in the *Martin* case fails to delineate between counterclaims interposed as matters of defense and counterclaims seeking affirmative relief. Any broad language in that opinion in conflict with the statements contained herein is declared to be ill-advised and will be disregarded.

▇ It is held that the defendant's counterclaim for personal injuries is barred by the statute of limitations. Accordingly, the motion to strike the affirmative defense will be denied.