Donald F. **NALLEY** and John C. Cahill, Plaintiffs,

v.

James B. McCLEMENTS, M.D., Richardson B. Glidden, M.D., John A. J. Forest, Jr., M.D., William A. E. Leitzinger, Jr., M.D., Lawrence M. Baker, M.D., Arthur F. Zimmerman, M.D., Norman J. Jones, M.D., Charles Allen, M.D., Harold Remley, C.P.A., and Kenbrit Corporation, a corporation of the State of Delaware, Defendants.

Civ. A. No. 3327.

United States District Court
D. Delaware.

Feb. 11, 1969.

John E. Babiarz, Jr., Wilmington, Del., for plaintiffs.

Harold Schmittinger, Dover, Del., for defendants.

## OPINION

LATCHUM, District Judge.

Plaintiffs, residents of Maryland, instituted this action on March 15, 1967 for the recovery of architects' fees and expenses allegedly due them under a written contract with defendants, Delaware residents, for the preparation of plans and specifications for a medical office building to be constructed in the vicinity of Dover, Delaware. On March 30, 1967, defendants filed an answer which generally denied the essential allegations of the complaint and denied jurisdiction on the ground that the amount in controversy was less than $10,000 exclusive of interest and costs. Thereafter the parties proceeded with discovery and on November 4, 1968 plaintiffs moved for a trial date. At a pre-trial conference held on January 6, 1969, the Court pointed to the jurisdictional question which was unresolved and for the first time in the proposed pre-trial order defendants asked for leave to amend their answer, pursuant to Rule 13(f), F.R.Civ.P., in order to assert a counterclaim against plaintiffs to recover $3500 which represented a partial payment that had been made under the contract. Plaintiffs objected to the allowance of the counterclaim on the ground that it was untimely in that

the request came too close to an imminent trial and if allowed would unduly prejudice the plaintiffs as additional discovery would have to be undertaken relating to issues raised by counterclaim. The case was tentatively set for trial with the understanding that the two issues would have to be resolved promptly. Subsequently, defendants formally moved for leave to amend the answer in order to assert the counterclaim and the plaintiffs by motion objected to the allowance of the amendment on the ground that the counterclaim was barred by the statute of limitations.[1] The parties filed briefs directed to these two points and this opinion deals with these two questions.

■  With respect to the jurisdictional matter, it appears that the defendants now concede that the Court has jurisdiction under 28 U.S.C. § 1332 and that the amount in controversy exceeds $10,000 exclusive of interest and costs. Despite this concession, the Court is required to make an independent determination of this issue since the parties may not, by consent, confer diversity jurisdiction upon the Court. In the present case, the complaint demands a judgment for $11,-992.40 against the defendants and appended to and made part of that document is an itemized statement which lists the components of the amounts demanded. The mathematical computation of the figures asserted in that statement appears to be accurate.

■■  "Where a money judgment is sought, the amount in controversy is the sum claimed by the plaintiff 'if the claim is apparently made in good faith' * * *" Hedberg v. State Farm Mut. Auto. Ins. Co., 350 F.2d 924, 928 (C.A. 8, 1965). This good-faith requirement is not satisfied and dismissal is justifiable only when it appears legally certain that the plaintiffs' claim is actually for less than the jurisdictional amount. The test is not what amount is claimed as

damages but "whether it appears to a 'legal certainty' that he [plaintiff] cannot recover an amount above the jurisdictional minimum." Jaconski v. Avisun Corp., 359 F.2d 931, 934–935 (C.A. 3, 1966). In the instant suit on the basis of the present record it cannot be said with legal certainty that the plaintiffs cannot recover damages in excess of the jurisdictional minimum and I therefore find no merit to defendants' attack upon the jurisdictional amount as alleged by the plaintiffs.

With respect to defendants' motion to amend the answer to assert the counterclaim, plaintiffs object on the ground that the counterclaim should not be allowed because it is barred by the Delaware 3-year statute of limitations. Defendants' reply to this contention is that the counterclaim is in the nature of a recoupment and therefore is not barred by any period of limitations since the principal action was brought within the applicable statutory period. The counterclaim seeks to recover as damages $3500, which was the amount paid to the plaintiffs by the defendants pursuant to the contract as partial payment on account of the fees for services being rendered.

■  The defendants are correct in stating that as long as the main action is timely a recoupment will not be barred by a statute of limitations. Bull v. United States, 295 U.S. 247, 262, 55 S.Ct. 695, 79 L.Ed. 1421 (1935); United States v. United States Cas. Co., 218 F. Supp. 653, 655–656 (D.Del.1962); Di Norscia v. Tibbett, 11 Terry 118, 124 A.2d 715, 716 (1956). This rule is based on the theory that recoupment "is a defensive measure concerning matters growing out of the same transaction or occurrence which was the basis of the opponent's claim and [is] utilized for the reduction or extinguishment of the opponent's claim." United States v. United States Cas. Co., supra at 657; 1 Wool-

---

1. Plaintiffs' brief opposed the amendment of the answer based on the statute of limitations and not on the grounds originally advanced at the pre-trial conference.

ley on Delaware Practice §§ 502–503. Although the Court recognizes that the counterclaim which the defendants wish to assert is compulsory in nature under Rule 13(a), F.R.Civ.P., and takes cognizance of defendants' argument that the proposed counterclaim is in the nature of a recoupment, I am of the opinion that on the basis of the record before me the counterclaim actually seeks an affirmative judgment and is in the nature of an independent action.

First, the complaint acknowledges receipt of the $3500 partial payment from the defendants under the contract and Exhibit A to the complaint clearly shows that plaintiffs have already credited defendants with payment of the $3500 in computing their demand for the $11,992.40 judgment. Second, the proposed counterclaim demands a *judgment* against the plaintiffs in the amount of $3500, the same amount for which plaintiffs in this suit have credited defendants. Third, defendants in their brief characterize the $3500 judgment sought as a "refund". Thus, the record clearly shows that since the defendants have already been credited with payment of the amount in question by the plaintiffs and their demand for judgment has been reduced thereby, the counterclaim could not constitute a purely defensive measure by way of recoupment to reduce or extinguish plaintiffs' claim but is actually a demand for an affirmative judgment. Di Norscia v. Tibbett, supra at 715.

"It is settled law that affirmative counterclaims may not be instituted after the applicable period of the statute of limitations has expired for the reason that such claims are regarded as independent causes of action." Smith-Johnson S.S. Corp. v. United States, 231 F. Supp. 184, 186 (D.Del.1964); Delaware Chemicals v. Reichhold Chemicals, 35 Del.Ch. 493, 121 A.2d 913, 918 (1956). The applicable limitations period for the claim asserted in the proposed counterclaim is three years. 10 Del.C. § 8106. The record indicates from defendants' answers to plaintiffs' interrogatories that the plaintiffs were dismissed and their relationship terminated on November 8, 1965. The counterclaim was first suggested to the Court on January 6, 1969. From this, it follows that the counterclaim was proposed more than three years after the latest possible date on which the cause of action asserted in the counterclaim accrued and is therefore barred by 10 Del.C. § 8106. To grant defendants' motion for leave to amend in order to assert a counterclaim clearly barred by the statute of limitations would be a futile act and thus the defendants' motion should be denied.

An order will be entered in conformance with this opinion.