Perry J. BROWN et al., Appellants,

v.

George H. HIPSHIRE et al., Appellees.

Supreme Court of Tennessee.

June 13, 1977.

Jerry P. Black, Jr., Knoxville, for appellants.

Philip P. Durand, Ambrose, Wilson, Lockridge & Grimm, Joseph M. Tipton, Ritchie & Tipton, Knoxville, for appellees.

OPINION

FONES, Justice.

The issue presented by this interlocutory appeal is whether the filing of a tort action tolls the statute of limitations to enable a defendant to file a counterclaim where the limitation period expires between the filing of the original complaint and the filing of the counterclaim.

The alleged tort occurred on August 27, 1975. Plaintiffs, Hipshire and Johnson, sued defendant, Brown and others, on July 28, 1976. Brown was served with process on August 3, 1976. He answered denying liability on September 7, 1976. Brown moved to amend his original pleading to assert an omitted counterclaim under T.R. C.P. 13.06 on November 10, 1976, which was allowed over opposition of plaintiffs, and filed on December 10, 1976.

The counterclaim asserted a cause of action for assault and battery and liability pursuant to 42 U.S.C. § 1983. It was alleged that Hipshire and Johnson were acting in the capacity of Knox County detectives under color of state law when the acts complained of occurred.

Thereafter, Hipshire and Johnson plead the statute of limitations, T.C.A. § 28–304, in bar of Brown's claim. The trial judge sustained their plea and granted an interlocutory appeal, adding, sua sponte insofar as the record discloses, the issue of whether or not Tennessee courts have subject matter jurisdiction over civil rights actions authorized in 42 U.S.C. § 1983.

Brown acknowledged that *Lovejoy v. Ahearn*, 223 Tenn. 562, 448 S.W.2d 420 (1969) controls the statute of limitations issue adverse to his contention but insists that we should overrule that decision. First, it is said that the policy of protecting litigants from stale claims, underlying statutes of limitation, is not served by barring a defendant's counterclaim where plaintiff's claim is timely filed but the statute runs before defendant's counterclaim is asserted. And second, there is no reason for tolling the statute of limitations to allow set-off

and recoupment in contract actions while denying that grace period to tort claimants. The arguments in support of these contentions are apparently derived from a law review article critical of *Lovejoy*; 42 T.L.R. 291 (1975).

The policy undergirding limitation of actions is legislative policy, not judicial policy. At common law there were no fixed periods for the commencement of actions, and in the case of torts, the action was limited by the duration of the life of either party. 51 Am.Jur.2d *Limitation of Actions*, § 1, 583 (1970).

In the early years of the enactment of statutes of limitations, courts were hostile to their enforcement.

"In time, however, the legislative policy came to be recognized as controlling, and the duty of the courts to give effect thereto came to be fully recognized." 51 Am.Jur.2d at 594.

An excellent judicial commentary on limitations of actions may be found in *Wood v. Carpenter*, 101 U.S. 135, 25 L.Ed. 807 (1879):

"Statutes of limitation are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence. While time is constantly destroying the evidence of rights, they supply its place by a presumption which renders proof unnecessary. Mere delay, extending to the limit prescribed, is itself a conclusive bar. The bane and antidote go together." 25 L.Ed. at 808.

Among the actions that must be commenced within one (1) year after accrual are those for injuries to the person and civil action for compensatory or punitive damages, or both, brought under the Federal Civil Rights Statutes. T.C.A. § 28–304.

In *Di Norscia v. Tibbett*, 11 Terry 118, 50 Del. 118, 124 A.2d 715 (1956), plaintiff filed a tort action four (4) days before, and defendant was served one (1) day after, the statute of limitations ran. Defendant filed a counterclaim and responded to plaintiff's plea of the statute of limitations with the contention that by bringing the action plaintiff should be deemed to have waived the defense of the statute of limitations as to any claim of defendant which arose from the same accident and was not barred at the time plaintiff commenced his suit.

The Supreme Court of Delaware observed that defendant's claim was an "action" seeking affirmative relief for his personal injury, notwithstanding the fact that it was presented by way of counterclaim. Further responding to defendant's contention the Court said:

"We would be engaging in judicial legislation, I think, if we read into § 8118 by construction one period of limitations for claims for personal injuries asserted in the form of original actions and a different period of limitations for the same types of demand when asserted by way of counterclaims. Since there is no statutory exception or tolling provision applicable to counterclaims seeking affirmative relief, I do not think that the Court is permitted to accomplish a modification of the statute of limitations by indulging in the judge-made rule of waiver urged by the defendant." 124 A.2d at 717.

The Supreme Court of Connecticut, addressing the identical issue involved here in *Consolidated Motor Lines v. M. & M. Transp. Co.*, 128 Conn. 107, 20 A.2d 621 (1941), said:

"[a] counterclaim of the nature of that before us is so far to be regarded as an independent action that the Statute of Limitations applies as it would were a separate suit brought." 20 A.2d at 621.

Subsequent cases in both Delaware and Connecticut affirm *Tibbett* and *Consolidated Motor*. See *Floyd v. Ballenger*, 258 A.2d 911 (Del.Super.1969); and *Seletsky v. Roy*, 23 Conn.Sup. 139, 177 A.2d 805 (1961).

We agree that the nature of the action asserted by Brown is not stripped of its character as an independent action by acquiring the label counterclaim. In our

view, it is not the prerogative of the courts to create an exception by grafting upon the statute a waiver or a tolling provision for the benefit of counterclaimants in tort actions.

In *Phillips v. Furniture Mfg. Co.*, 168 Tenn. 481, 79 S.W.2d 576 (1935), Mr. Justice Chambliss said:

"The general rule that the courts are without power to add other exceptions in statutes to those made by the Legislature applies to statutes of limitation, as well as to others." 168 Tenn. at 488, 79 S.W.2d at 578.

Illinois and New York have statutory exceptions permitting the filing of counterclaim after the period of limitations expires, where the complaint is timely filed. See, *Carnahan v. McKinely*, 80 Ill.App.2d 318, 224 N.E.2d 297 (1967); and *Styles v. Gibson*, 27 A.D.2d 784, 277 N.Y.S.2d 245 (1967).

Our research reveals that seven (7) jurisdictions including Tennessee, refuse to toll or waive the period of limitations for late filed counterclaim and six (6) jurisdictions hold such actions are not barred. However, the six (6) jurisdictions include Illinois and New York so that only four (4) states have adopted judge-made exceptions to the statute.

We reject the argument that because this Court held in *Lewis v. Turnley*, 97 Tenn. 197, 36 S.W. 872 (1896) that the statute of limitations would not operate to bar a defendant's plea of set-off, that the same rule should be applied in tort cases.

In our opinion there is a valid distinction between the defensive plea of set-off involved in *Lewis v. Turnley, supra,* and the wholly independent tort action under consideration here. We think the essence of the holding in *Lewis v. Turnley, supra,* is to be found in the following sentence:

"It is admitted by defendant that more than six years had elapsed from the date of the contract to the filing of the cross bill in which this counterclaim was first presented, but the insistence of defendant is that since *this defense is evolved from the consideration of the original contract,* [that] the filing of the original bill saves

the bar of the statute in favor of the defendant, and such contention we hold to be the law." (Emphasis added) 97 Tenn. at 203, 36 S.W. at 873.

Recoupment is an equitable right of a defendant to a deduction in the amount of the plaintiff's recovery and is only available as a defensive plea. Set-off, while originally a purely defensive plea has been expanded, so that admittedly, there are some cases where a defendant in a contract action asserts as a set-off a claim that could also be the subject of an independent action. But, in our opinion, it does not follow that this occasional similarity between a set-off in a contract action and a counterclaim in a tort action requires tolling of the limitation period for a tort counterclaim that is in no circumstances a defensive plea. The courts, in allowing all defensive pleas available to defendants, are not grafting exceptions upon statutes of limitation governing the commencement of independent actions.

In this case, twenty-four (24) days of the limitation period remained when Brown was served with process. His answer was filed thirty-five (35) days after service of process, unaccompanied by a counterclaim. Sixty-four (64) days after answering he moved for leave to file an omitted counterclaim, and so far as this record reveals, made no factual assertion whatever to show that his failure to file at the time of his first pleading occurred through oversight, inadvertence or excusable neglect as required by T.R.C.P. 13.06.

In *Giambuttista v. Bradlees Incorporated*, 130 N.J.Super. 381, 327 A.2d 256 (1974), defendant answered plaintiff's suit for assault and battery within the two (2) year period of limitation but sought to file a counterclaim three (3) months after the period expired.

The Supreme Court of New Jersey reserved judgment on a factual situation where plaintiff files within the period but so late that defendant has no opportunity to answer and counterclaim prior to the bar of the statute. However, the Court held that defendant's counterclaim was barred be-

cause the statute had run and there was no, "persuasive evidence to establish oversight, inadvertence or excusable neglect" as required by its civil rules in case of an omitted counterclaim.

Thus, it is doubtful that any jurisdiction would extend the lifeline to Brown, who has so negligently responded to the stimulus of the statute of limitations. It would be inappropriate for us to address the second issue certified to this Court by the trial judge.

The judgment of the trial court dismissing Brown's counterclaim is affirmed and the cause is remanded for further proceedings. The costs of this appeal are adjudged against defendant Perry J. Brown.

COOPER, C. J., and HENRY, BROCK and HARBISON, JJ., concur.