## FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

## C.E. HOOPER and C. Dwight Hooper, Defendants and Third–Party Plaintiffs,

v.

## Jake CANTRELL, Walter A. Hobbs, Garrard Ramsey, Jr., and Travis Anderson, Third–Party Defendants.

### No. 3–86–0785.

United States District Court, M.D. Tennessee, Nashville Division.

Dec. 6, 1988.

Reba Brown, Morton, Lewis, King & Krieg, Nashville, Tenn., for plaintiff.

W. Lee Corbett, Ingraham, Corbett & Zinn, Paula Fleming, Nashville, Tenn., for defendants.

R. Matthew Martin, Hansell & Post, Atlanta, Ga., for third-party plaintiff.

James G. Stranch, III, Branstetter, Kilgore, Stranch, & Jennings, Nashville, Tenn., for third-party defendant, Garrard Ramsey, Jr.

Rachel L. Steele and Gary K. Grooms, Nashville, Tenn., for third-party defendant Travis Anderson.

John Speer, Nashville, Tenn., for third-party defendant Jake Cantrell.

Craig V. Gabbert, Jr. and Karin Lee Waterman, Nashville, Tenn., for Walter A. Hobbs.

Boyd W. Venable, III, Knoxville, Tenn., staff atty. for FDIC.

## MEMORANDUM

WISEMAN, Chief Judge.

Third-party defendant Travis Anderson has filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Anderson asserts that the applicable statute of limitations bars third-party plaintiffs' claims against him. This Court holds that the claims were timely under Tennessee Code Annotated § 28-1-114(a)

and denies Anderson's motion for summary judgment.

The Federal Deposit Insurance Corporation (FDIC) in the summer of 1984 sued Dwight and C.E. Hooper in Chancery Court, Davidson County, Tennessee. The FDIC sought to recover on promissory notes signed by the Hoopers. The Hoopers on January 31, 1986, filed in the Chancery Court third-party complaints against Jake Cantrell, Walter Hobbs, and Garrard Ramsey, Jr. The Hoopers asserted that these third-party defendants induced them to sign blank notes with the understanding that the notes would not be completed without the Hoopers' express authorization, which allegedly never was obtained.

The FDIC nonsuited its state court complaint on May 6, 1986. The Chancery Court on August 25, 1986, dismissed the Hoopers' third-party action without prejudice. The FDIC refiled its complaint in federal district court on September 10, 1986. The Hoopers filed an answer on October 31, 1986, but did not file a third-party complaint until February 27, 1987. This third-party complaint again named Cantrell, Hobbs, and Ramsey. It also named Anderson. This was the first time the Hoopers had asserted a claim against Anderson.

The parties agree that the three year limitations period of Tennessee Code Annotated § 28–3–105 applies to the Hoopers' claims against Anderson. The parties also agree, for purposes of this motion only, that the Hoopers' claims accrued no later than December, 1983. The Hoopers' action against Anderson therefore would be barred but for the intervention of Tennessee Code Annotated § 28–1–114(a).

Section 28–1–114 provides:

28–1–114. Counterclaim or Third party complaint.—(a) A counterclaim or third party complaint or cross-claim is not barred by the applicable statute of limitations or any statutory limitation of time, however characterized, if it was not barred at the time the claims asserted in the complaint were interposed.

(b) If a nonsuit is taken as to the original civil action, any counterclaim, cross-claim or third party complaint arising from such action shall not be terminated but may proceed as an original civil action. However, if a counterclaim, cross-claim or third party complaint is filed as a civil action as permitted by this subsection and such action does not proceed to an adjudication on the merits of such claim, the defendant shall have the right to file a counterclaim, cross-claim or third party complaint within the time allowed for the filing of a responsive pleading only if the original action is reinstituted pursuant to § 28–1–105.

(c) Any counterclaim, cross-claim, or third party complaint arising from an action or suit originally commenced in general sessions court and subsequently recommenced as an original action or as a counterclaim, cross-claim or third party complaint pursuant to this section in circuit or chancery court according to the provisions of § 28–1–105, shall not be subject to the monetary jurisdictional limit originally imposed in general sessions court.

The Hoopers contend that § 28–1–114(a) preserved their claims against Anderson because the FDIC initiated this suit in federal court within three years of December, 1983. Anderson argues that the legislative history and statutory context of § 28–1–114(a) demonstrate that the Tennessee Legislature did not intend for it to produce the result the Hoopers seek.

The Tennessee General Assembly originally passed § 28–1–114(a) in 1978 as part of Senate Bill No. 1699. *See* 1978 Tenn. Pub.Acts (Adj.S.), ch. 758, § 1. Before then a defendant would be barred from bringing a counterclaim or third-party claim when the statute of limitations on her claim expired before she could respond to the original complaint. *See, e.g., Brown v. Hipshire*, 553 S.W.2d 570 (Tenn.1977). Representative Bussard, who sponsored Senate Bill No. 1699 in the House, indicated that the bill would remedy this problem.

REPRESENTATIVE BUSSARD: Mr. Speaker and Members of the House, this bill just allows that if a suit is filed on the last day of the statute of limitations,

a tort case or otherwise, it allows the person who is sued to bring any counterclaim that's involved in that same matter and it doesn't allow the statute of limitations to bar the counterclaim.

. . . .

REPRESENTATIVE ASHFORD: Representative Bussard, how long does a person have to file this third-party counterclaim after the statute has run on the original claim?

REPRESENTATIVE BUSSARD: Representative Ashford, within the time allowed for a responsive pleading, which would be thirty days.

House Tape H-98, Mar. 3, 1978 (on file in the Tennessee State Library and Archives).

Anderson cites this exchange and asserts that § 28-1-114(a) extended the statute of limitations on the Hoopers' third-party complaint no farther than the deadline for a responsive pleading.

Anderson's argument contradicts the unambiguous language of the statute. Section 28-1-114(a) provides simply that a third-party complaint to which it applies "is not barred." Section 28-1-114(a) does not set a deadline before which the complaint must be filed. The comments of Representative Bussard meanwhile were made in regard to Senate Bill No. 1699 in its entirety. This bill contained the predecessor to § 28-1-114(b) as well as to § 28-1-114(a). Section 28-1-114(b) *does* expressly preserve only those claims asserted "within the time allowed for the filing of a responsive pleading." Representative Bussard's statements therefore are ambiguous. But the language of § 28-1-114(a) is not. This Court will not read into § 28-1-114(a) a limitation that is not there. *Cf. Golden v. Bekins Van Lines, Co.,* slip op. (Tenn.Ct. App. May 18, 1984) (LEXIS, States library, Tenn. file) (because limitations period on counterclaim had not expired when original complaint was filed, counterclaim filed three months after original complaint not barred under § 28-1-114(a)).

Anderson asserts that this Court's holding eliminates any check against bringing stale third-party claims. Section 28-1-

114(a) does not apply, however, unless the third-party complaint "was not barred at the time the claims asserted in the complaint were interposed." And a third-party plaintiff must obtain leave of court to serve a third-party complaint not filed within ten days after serving the original answer. *See* Fed.R.Civ.P. 14(a); Tenn.R.Civ.P. 14.-01. The Hoopers obtained leave to file their complaint against Anderson and the other third-party defendants. *See FDIC v. Hooper,* No. 3-86-0785 (M.D.Tenn. Feb. 27, 1987) (agreed order granting leave to file third-party complaints).

Third-party defendant Anderson's motion for summary judgment is denied. Anderson seeks to graft onto § 28-1-114(a) a limitation that the Tennessee Legislature imposed on § 28-1-114(b) only. This Court will not second-guess the decision of the Tennessee Legislature. And, at least until a Tennessee court holds otherwise, this Court will assume that the Legislature meant what it said.