IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 12, 2017 Session

**BLAKE BOOKSTAFF v. DAVID GERREGANO,
COMMISSIONER OF REVENUE, STATE OF TENNESSEE**

Appeal from the Chancery Court for Knox County
No. 192969-2     Clarence E. Pridemore, Chancellor

_____

No. E2017-00763-COA-R3-CV
_____

        In this action, the Tennessee Department of Revenue ("the Department") sought to collect unpaid franchise and excise taxes owed by a dissolved corporation from its former shareholder. The trial court entered a judgment in favor of the shareholder, determining that the Department could not collect on the assessments originally issued in 2008 and 2009 due to the six-year statute of limitations contained in Tennessee Code Annotated § 67-1-1429. The trial court also determined that the shareholder was not a "person" or "taxpayer" subject to franchise and excise taxes because those taxes are assessed solely against entities such as corporations. Finally, the trial court determined that the shareholder had no personal liability for the taxes owed by the dissolved corporation absent proof of a fraudulent conveyance. The Department timely appealed. Determining that the trial court erred in its construction and application of the applicable tax statutes, we reverse the judgment in favor of the shareholder.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Reversed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; Charles L. Lewis, Deputy Attorney General; and Jonathan N. Wike, Senior Counsel, for the appellant, David Gerregano, Commissioner of Revenue, State of Tennessee.

John A. Lucas, Knoxville, Tennessee; G. Michael Yopp and Christopher A. Wilson, Nashville, Tennessee, for the appellee, Blake Bookstaff.

**OPINION**

## I. Factual and Procedural Background

The plaintiff, Blake Bookstaff, was formerly a principal and shareholder of popularcategories.com ("PopCat"), a Florida corporation that was formed by Mr. Bookstaff and William Marquez in 2000. In 2001, PopCat and another Florida company, Compatible Technologies of Orlando, LLC, joined together to form Popular Enterprises, LLC ("Popular Enterprises"), a Florida limited liability company. Popular Enterprises operated an internet search engine and internet domain name aggregator. Mr. Bookstaff managed certain aspects of PopCat and Popular Enterprises from his place of business in Knoxville.

Mr. Bookstaff later acquired Mr. Marquez's shares in PopCat, becoming PopCat's sole shareholder in 2005. In 2006, Popular Enterprises was sold to a third party. The proceeds from that sale were paid to PopCat in two installments, the first in 2006 and the second in 2007. Mr. Bookstaff has acknowledged in his appellate brief that the sale proceeds were then distributed to him as sole shareholder. Later in 2007, PopCat filed articles of dissolution with the Florida Secretary of State.

Subsequently, the Department determined that the proceeds from the sale of Popular Enterprises were business earnings and that PopCat owed additional franchise and excise ("F&E") taxes for 2006 and 2007. On June 6, 2008, the Department issued a notice of assessment to PopCat of estimated unpaid F&E taxes for 2006, plus penalties and interest, for a total assessment in the amount of $899,288.78. On February 15, 2009, the Department issued a notice of assessment to PopCat of estimated unpaid F&E taxes for 2007, plus penalties and interest, for a total assessment in the amount of $630,515.23.

In 2009, PopCat filed two lawsuits challenging these assessments in the Davidson County Chancery Court, which lawsuits were later consolidated. The Department filed counterclaims in each suit, seeking judgment against PopCat for the amount of the unpaid tax assessments. On March 22, 2017, the Davidson County Chancery Court entered an "Order and Final Judgment Pursuant to Tenn. R. Civ. P. 54.02," which upheld the assessments and granted judgment on the Department's counterclaims in the amount of $2,107,691.54.[1] PopCat has appealed that ruling in a separate action. Mr. Bookstaff, individually, was not a party to the Davidson County lawsuits.

---

[1] The Department has filed a motion asking this Court to consider this order as a post-judgment fact. The disposition of this motion will be discussed in a subsequent section of this Opinion.

On January 6, 2011, the Department "assessed" the unpaid F&E taxes owed by PopCat against Mr. Bookstaff personally, by letter notice. The Department asserted that all of the income received by PopCat had been distributed to Mr. Bookstaff and that PopCat was thereafter dissolved, resulting in Mr. Bookstaff's personal liability for the unpaid F&E taxes pursuant to Tennessee Code Annotated §§ 67-4-2016 and -2117.[2] In this letter, the Department instructed Mr. Bookstaff that he could request a conference to discuss the assessment. Mr. Bookstaff requested and the Department conducted an informal conference regarding the assessment pursuant to Tennessee Code Annotated § 67-1-1801(c)(3). The Department issued a written decision affirming the assessment against Mr. Bookstaff on November 21, 2016.

The Department filed an action against Mr. Bookstaff to collect these taxes on January 5, 2017, in the Knox County Chancery Court. On January 18, 2017, before he was served with process in that lawsuit, Mr. Bookstaff initiated the instant action against the Department, in a different division of the Knox County Chancery Court ("trial court"), challenging the assessment levied against him personally and seeking an injunction prohibiting any attempts by the Department to collect. Mr. Bookstaff requested a temporary restraining order, which was granted. Following his receipt of service of process concerning the lawsuit filed by the Department, Mr. Bookstaff amended his complaint and sought an additional temporary restraining order, which was also granted by the trial court in the instant action.

Following a hearing, the trial court granted Mr. Bookstaff's motion for an injunction in an order entered March 20, 2017. The court enjoined the Department from filing a lawsuit or levy against Mr. Bookstaff and directed the Department to cancel the 2011 assessment, which the court determined was not a new assessment but rather was an attempt to collect the earlier assessments against PopCat. The court determined, *inter alia*, that the Department could not collect on the assessments originally issued in 2008 and 2009 due to the six-year statute of limitations contained in Tennessee Code Annotated § 67-1-1429. The court also determined that Mr. Bookstaff was not a "person" or "taxpayer" subject to F&E tax because F&E taxes are assessed only against entities such as corporations. Finally, the court determined that Mr. Bookstaff had no personal liability for the taxes owed by PopCat absent proof of a fraudulent conveyance.

The Department timely appealed.

---

[2] These statutory provisions are discussed in detail in section VI of this Opinion.

## II. Issues Presented

The Department presents the following issues for our review, which we have restated slightly:

1. Whether the trial court erred by determining that the six-year statute of limitations would bar any attempt by the Department to collect the tax represented by assessments previously made against PopCat from Mr. Bookstaff personally.

2. Whether the trial court erred by determining that a personal assessment against Mr. Bookstaff was not authorized by Tennessee Code Annotated §§ 67-4-2016(a) and -2117.

3. Whether the trial court erred by determining that Mr. Bookstaff could not be held personally liable for the tax represented by assessments against PopCat in the absence of a fraudulent conveyance.

## III. Standard of Review

The issues in this matter turn upon whether the trial court properly interpreted the applicable tax statutes. As our Supreme Court has explained with regard to statutory construction:

> Issues of statutory construction are questions of law to which the de novo standard with no presumption of correctness applies. *See Perry v. Sentry Insurance Co.,* 938 S.W.2d 404, 406 (Tenn. 1996). When construing a statute, our goal is "to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State,* 908 S.W.2d 923, 926 (Tenn. 1995).

*Leab v. S & H Mining Co.*, 76 S.W.3d 344, 348 (Tenn. 2002).

## IV. Consideration of Post-Judgment Facts

The Department has asked this Court to consider as post-judgment facts, pursuant to Tennessee Rule of Appellate Procedure 14, the following orders entered in the separate but related litigation between the Department and PopCat:

4

(1)     the Davidson County Chancery Court's March 22, 2017 judgment upholding the F&E tax assessments against PopCat and granting judgment on the Department's counterclaims in the amount of $2,107,691.54; and

(2)     the Davidson County Chancery Court's May 26, 2017 order denying PopCat's motion to alter or amend filed in that action.

Both of these orders were entered following entry of the final judgment in this matter on March 20, 2017. In his response to the Department's motion, Mr. Bookstaff stated that although he does not believe these orders should be considered because they are irrelevant to the matter herein, he does not object to their inclusion in the appellate record.

Tennessee Rule of Appellate Procedure 14 provides that this Court, in its discretion, may consider facts "concerning the action that occurred after judgment." Such consideration generally extends "only to those facts, capable of ready demonstration, affecting the positions of the parties or the subject matter of the action such as mootness, bankruptcy, divorce, death, other judgments or proceedings, relief from the judgment requested or granted in the trial court, and other similar matters." *See* Tenn. R. App. P. 14 (emphasis added). We determine that the judgment ultimately rendered in the related litigation between PopCat and the Department is a fact capable of ready demonstration, which affects the positions of the parties herein. The orders entered by the Davidson County Chancery Court are relevant to the subject matter of this action because those orders concern the Department's assessments of F&E taxes against PopCat, which are the same assessments the Department now seeks to enforce against Mr. Bookstaff. We therefore exercise our discretion to determine that the Department's motion for consideration of post-judgment facts should be granted.

V.  Statute of Limitations

The Department asserts that the trial court erred in its determination that the six-year statute of limitations found in Tennessee Code Annotated § 67-1-1429(a) (Supp. 2017) barred the Department's action against Mr. Bookstaff. This statutory section provides in pertinent part:

(1)     Where the assessment of any tax imposed by this or any other title has been made within the applicable period of limitation, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun:

5

(A)     Within six (6) years after the assessment of the tax becomes final . . . .

The Department argues that a collection "proceeding in court" was initiated within the initial six years following the assessments of F&E taxes against PopCat, which resulted in a judgment in favor of the Department.[3]  As the Department points out, Tennessee Code Annotated § 67-1-1429(a)(3) further provides:

> The period for collection provided in subdivision (a)(1)(A) <u>shall not apply</u> if the tax liability has been reduced to judgment in a suit begun within such period.  Such tax may be collected at any time subsequent to assessment without limitation after such judgment.

(Emphasis added.)     Therefore, according to the Department, because it filed a counterclaim against PopCat in the Davidson County Chancery Court lawsuit within six years of the initial assessments, with such claim resulting in a judgment granted in the Department's favor, the Department can attempt to collect said judgment at any time without limitation pursuant to Tennessee Code Annotated § 67-1-1429(a)(3).  Our Supreme Court has explained that a counterclaim should be regarded as an independent action, as if it were "a separate suit brought." *See Brown v. Hipshire*, 553 S.W.2d 570, 571 (Tenn. 1977) (quoting *Consol. Motor Lines v. M. & M. Transp. Co.*, 20 A.2d 621 (Conn. 1941)).

Tennessee Rule of Civil Procedure 13 addresses counterclaims and cross-claims, providing in relevant part:  "A pleading shall state as a counterclaim any claim, other than a tort claim, which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ."  This Court has previously explained that a party is not prohibited from filing such a counterclaim as a separate lawsuit "if that party is willing to run the risk that it may well lose the right to pursue its claim in the separate lawsuit if the initial suit results in a final judgment first." *See Crain v. CRST Van Expedited, Inc.*, 360 S.W.3d 374, 379 (Tenn. Ct. App. 2011).  In this matter, the Department chose to bring its claim against PopCat as a counterclaim in the action filed by PopCat, rather than in a separate lawsuit, when either choice was acceptable.  We cannot fault the Department for filing its claim as a counterclaim and see no reason to draw a distinction, for the purposes of construing the above statutory section, between a claim that is filed via an original

---

[3] No allegation has been raised that the F&E tax assessments were not made within the applicable limitations period found in Tennessee Code Annotated § 67-1-1501(b) (Supp. 2017) (providing that "the amount of any tax imposed under any title, in which the filing of a return is required by the state, shall be assessed within three (3) years from December 31 of the year in which the return was filed . . . .").

complaint and a claim filed as a counterclaim. In either scenario, the Department has begun a "proceeding in court" to collect taxes previously assessed pursuant to Tennessee Code Annotated § 67-1-1429.

As Mr. Bookstaff points out, the Davidson County Chancery Court lawsuit was between the Department and PopCat; Mr. Bookstaff was not a party. We note, however, that collection of taxes assessed against a corporation may be sought from a shareholder in certain situations. We now turn to the issue of whether the Department may collect this tax liability from Mr. Bookstaff individually.

## VI. Personal Liability

The trial court determined that the Department could not assess F&E taxes against Mr. Bookstaff individually because he did not meet the definition of a "taxpayer" contained in the definitions section of the franchise and excise tax provisions. Tennessee Code Annotated § 67-4-2004(38) (Supp. 2017) provides:

> "Person" or "taxpayer" means every corporation, subchapter S corporation, limited liability company, professional limited liability company, registered limited liability partnership, professional registered limited liability partnership, limited partnership, cooperative, joint-stock association, business trust, regulated investment company, REIT, state-chartered or national bank, or state-chartered or federally chartered savings and loan association . . . .

Therefore, according to the trial court's analysis, because Mr. Bookstaff is not included within this definition, he could not be "classified as a taxpayer for" F&E taxes.

The Department asserts, however, that the franchise and excise tax provisions authorize it to collect taxes previously assessed against the corporation from Mr. Bookstaff individually pursuant to Tennessee Code Annotated §§ 67-4-2016 (2013) and -2117 (2013).[4] Tennessee Code Annotated § 67-4-2016(a) provides:

> The commissioner is empowered and it is the commissioner's duty to collect the tax, together with penalty and interest, levied under this part from any officer, stockholder, partner, member, principal, or employee of a taxpayer that is out of business or has dissolved, liquidated, otherwise terminated at a time when it has refused or failed to pay the excise tax

---

[4] Tennessee Code Annotated § 67-4-2016 is contained within the section regarding excise taxes, and § 67-4-2117 is contained within the section regarding franchise taxes.

levied under this part, and any such officer, stockholder, partner, member, principal, or employee has received property belonging to the taxpayer, but such collection shall be limited to the value of the property received.

Likewise, Tennessee Code Annotated § 67-4-2117 provides:

> The commissioner is empowered and it is the commissioner's duty to collect the tax, together with penalty and interest, levied under this part from any officer, stockholder, partner, member, principal, or employee of a taxpayer that has dissolved or has been liquidated, at a time such taxpayer has refused or failed to pay the franchise tax levied under this part, and such individual has received property belonging to the taxpayer, but such collection shall be limited to the value of the property received.

To summarize, these nearly identical subsections provide that the Department is empowered to collect the tax assessed against a dissolved corporation from a stockholder who has received assets that belonged to the corporation, but the amount collected must not exceed the value of the assets received.

The Department contends that the 2017 lawsuit filed against Mr. Bookstaff to collect PopCat's unpaid F&E taxes was timely by virtue of the judgment obtained by the Department in the Davidson County Chancery Court action. Tennessee Code Annotated § 67-1-1429(a)(3) provides that such money judgment could then be collected without time limitation. The Department posits that, by virtue of Tennessee Code Annotated §§ 67-4-2016 and -2117, the judgment could be collected against Mr. Bookstaff due to the fact that PopCat had been dissolved. We agree. Because the Department obtained a judgment against PopCat for the unpaid taxes, thus establishing that such judgment could be collected at any time pursuant to Tennessee Code Annotated § 67-1-1429(a)(3), and because Tennessee Code Annotated §§ 67-4-2016 and -2117 permit collection from a stockholder, we determine that the Department's 2017 lawsuit against Mr. Bookstaff was not barred by the statute of limitations contained in Tennessee Code Annotated § 67-1-1429(a)(1)(A).

## VII. Requirement of Fraudulent Conveyance

The trial court determined that Mr. Bookstaff could not be held personally liable for the F&E taxes assessed against PopCat in the absence of allegations of a fraudulent conveyance from PopCat to Mr. Bookstaff. In making this determination, the court found that the language in Tennessee Code Annotated §§ 67-4-2016 and -2117, enacted in 1999, conflicted with the language of Tennessee Code Annotated § 67-1-1444 (2013), enacted in 1988. Section 67-1-1444 provides:

8

(a) When assets are conveyed or obligations are created by a person owing taxes to the state, on or after the date any such taxes are incurred, and such conveyance of assets or creation of obligations is in violation of title 66, chapter 3, then the commissioner may proceed to collect such tax debt from the transferee, pursuant to this part, in the same manner as the commissioner otherwise could have collected such debt from the transferor.

(b) The liability of any such transferee shall be limited to the fair market value of the assets conveyed at the time of the transfer from the original taxpayer or the amount of any such obligation at the time the obligation is created.

(Emphasis added.) Tennessee Code Annotated § 66-3-301, *et seq.*, known as the Uniform Fraudulent Transfer Act, concerns transfers made by a debtor to avoid collection by a creditor. Therefore, the trial court essentially superimposed the requirement of proof of a fraudulent transfer onto the provisions of Tennessee Code Annotated §§ 67-4-2016 and -2117 when those sections do not expressly require such a showing.

The Department asserts that this requirement was added by the trial court in error because Tennessee Code Annotated sections 67-4-2016 and -2117 appear in a chapter of the tax code separate from section 67-1-1444 and are thus independent. Mr. Bookstaff argues that these provisions must be read *in pari materia* because Tennessee Code Annotated § 67-1-1444 is found within Chapter 1, Part 14, which is entitled, "Tax Enforcement Procedures Act." This Part also contains Tennessee Code Annotated § 67-1-1402 (2013), which states in pertinent part:

(a) This part shall apply to every public tax, license or fee, and/or any penalty or interest payable thereon, levied under any existing or later enacted law that is codified in this or any other title and is collectible by the commissioner of revenue.

(b) The purpose of this part is to supplement and clarify existing provisions of the general law relating to the enforcement of state taxes and to compile in a single part the principal enforcement procedures previously enacted and codified in numerous other chapters of this title.

(c) In the event of any conflict between the provisions of this part and those of any other specific statutory provisions contained elsewhere

in this title or in any other title, it is declared to be the legislative intent that, to the extent such other specific provisions are inconsistent with or different from this part, the provisions of this part shall prevail.

We determine, however, that the simplest construction of these statutory sections, and one that does not create conflict between them, is to enforce the plain language of Tennessee Code Annotated §§ 67-4-2016 and -2117, which does not require the finding of a fraudulent conveyance <u>solely</u> in those situations where the transferee of assets is a shareholder in a now-dissolved corporation. Similarly, the plain language of Tennessee Code Annotated § 67-1-1444 demonstrates that it would apply in any other situation wherein assets have been transferred by <u>any</u> <u>person</u> in order to defraud the Department from levying against those assets for the collection of tax liability. In other words, the two provisions are not conflicting—rather, the more recently enacted provisions found in Tennessee Code Annotated §§ 67-4-2016 and -2117 provide an additional remedy to the Department in those instances when assets have been conveyed by a dissolved corporation to a shareholder.

In conducting this analysis, we adhere to the following longstanding principles of statutory interpretation:

When dealing with statutory interpretation, well-defined precepts apply. Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.,* 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In re C.K.G.,* 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson,* 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. *Abels ex rel. Hunt v. Genie Indus., Inc.,* 202 S.W.3d 99, 102 (Tenn. 2006). It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources. *Parks v. Tenn. Mun. League Risk Mgmt. Pool,* 974 S.W.2d 677, 679 (Tenn. 1998). Further, the language of a statute cannot be considered in a vacuum, but "should be construed, if practicable, so that its component parts are consistent and reasonable." *Marsh v. Henderson,* 221 Tenn. 42, 424 S.W.2d 193, 196 (1968). Any interpretation of the statute that "would render one section of the act repugnant to another" should be avoided. *Tenn. Elec. Power Co. v. City of*

10

*Chattanooga,* 172 Tenn. 505, 114 S.W.2d 441, 444 (1937). We also must presume that the General Assembly was aware of any prior enactments at the time the legislation passed. *Owens v. State,* 908 S.W.2d 923, 926 (Tenn. 1995).

*In re Estate of Tanner*, 295 S.W.3d 610, 613-14 (Tenn. 2009).

Based on these precepts, we presume that the General Assembly was aware of the language of Tennessee Code Annotated § 67-1-1444 at the time Tennessee Code Annotated §§ 67-4-2016 and -2117 were enacted. We determine that in order to construe these provisions in such a way that one section is not repugnant to the other, we must also presume that the General Assembly intended to provide a broader remedy to the Department in those situations when a shareholder has received assets from a dissolved corporation that owes taxes. We conclude that, based upon the plain language of Tennessee Code Annotated §§ 67-4-2016 and -2117, the Department was not required to demonstrate that a fraudulent conveyance was made by PopCat to Mr. Bookstaff. We therefore reverse the trial court's imposition of this additional requirement.

## VIII. Conclusion

In our discretion, we hereby grant the Department's motion seeking consideration of post-judgment facts. Because the Department timely obtained a judgment against PopCat for unpaid F&E taxes, thus establishing that such judgment could be collected at any time pursuant to Tennessee Code Annotated § 67-1-1429(a)(3), and because Tennessee Code Annotated §§ 67-4-2016 and -2117 permit collection from a stockholder who has received assets from a dissolved corporation, we determine that the Department's 2017 lawsuit against Mr. Bookstaff was not barred by the statute of limitations contained in Tennessee Code Annotated § 67-1-1429(a)(1)(A). We further determine that the Department was not required to demonstrate that a fraudulent conveyance was made by PopCat to Mr. Bookstaff. We therefore reverse the trial court's judgment in favor of Mr. Bookstaff and its grant of injunctive relief. We remand this matter to the trial court for further proceedings consistent with this Opinion. Costs on appeal are taxed to the appellee, Blake Bookstaff.

_____
THOMAS R. FRIERSON, II, JUDGE

11